■ KATHLEEN A. DAY, Respondent, v ELLIOT M. DAY, JR., Appellant.—Mikoll, J. Appeal from a judgment of the Supreme Court (Duskas, J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered June 3, 1988 in Franklin County, upon a decision of the court, without a jury.

Plaintiff and defendant were married on December 23, 1961. They have two children both now emancipated. Cross judgments of divorce were granted to the parties on June 3, 1988 on the ground of cruel and inhuman treatment, their marital property was distributed and plaintiff was awarded mainte-

---

nance in the amount of $325 per month for five years. Supreme Court determined that the following constituted marital property and valued it as indicated: marital residence ($110,000), Indian Point cottage ($25,000), defendant's pension ($47,240), 16-acre Kiwassa Lake property ($6,000), and Bino lot sale ($15,000). Plaintiff was awarded the marital residence and the Kiwassa Lake property, while defendant was given the Indian Point cottage. The values of these properties, as found by the court, were divided approximately in half, plaintiff was ordered to pay defendant $3,000 as his share of his personalty, and plaintiff was awarded $2,000 in counsel fees and $7,150 in retroactive maintenance. The balance owed defendant was $14,825 from equitable distribution of the properties, $3,000 from personalty, less the $2,000 for plaintiff's counsel fees and the $7,150 in retroactive maintenance. Plaintiff was ordered to pay defendant $8,675. Defendant appeals alleging, *inter alia,* that Supreme Court erred (1) in failing to grant a higher value to the Kiwassa Lake property, (2) in awarding plaintiff $7,500 from the sale of the Bino lot as marital property, (3) in awarding a one-half share of defendant's pension plan to plaintiff, (4) in awarding maintenance, and (5) in awarding counsel fees.

Addressing defendant's objections *seriatim,* defendant contends that the 16-acre Kiwassa Lake property bought by plaintiff and her sister during the marriage for $12,000 increased the value of another 34-acre parcel owned by plaintiff and her sister which was landlocked. This parcel had been given to the two women by their mother as a gift and was held to be separate property. Defendant contends that the value of his share in the 16-acre Kiwassa Lake property should be increased because the purchase of that property appreciated plaintiff's other adjoining 34-acre Kiwassa Lake property. Defendant argues that the separate property appreciated due to the purchase of the 16-acre parcel which is marital property. Supreme Court was correct when it held that there was no increase in the value of the marital property because the separate property could not benefit from an easement appurtenant to the 16-acre parcel (here the right-of-way appurtenant to the 16-acre property) *(see, Mancini v Bard,* 42 NY2d 28, 30-31). Defendant has thus failed to show an entitlement to a greater amount. The recent purchase of the property for $12,000 supports the finding of its worth. We find issue, however, with Supreme Court's order that defendant is to be credited with a one-half interest in $6,000, representing plaintiff's one-half interest in the 16-acre Ki-

wassa Lake parcel. It was not refuted that plaintiff borrowed $6,000 to purchase the property and that the sum was due and owing at the commencement of this suit. This encumbrance on the property should have been deducted from plaintiff's equity in the property before the court arrived at a distribution (see, Rider v Rider, 141 AD2d 1004, 1005).

As to the Bino lot, defendant contends that distributing a one-half interest in the $15,000, found to be the appreciation of the value of the lot, to plaintiff is error. He urges that Supreme Court should have deducted $10,000, the money that defendant spent on materials and labor costs, in evaluating the appreciated value of the property. The court found that defendant did not substantiate these expenditures. Such holding finds basis in the record and will not be disturbed.

Next, defendant claims that Supreme Court's award to plaintiff of one half the value of his pension was error in that plaintiff was given more than she requested.* Equitable distribution presents issues of fact to be resolved by the trial court, and its judgment should be upheld absent abuse of discretion (Petrie v Petrie, 124 AD2d 449, 450, appeal dismissed 69 NY2d 1038). An equal distribution of defendant's pension is indicated here by the length of the marriage and the mutual contributions of the parties to the marriage. The court is not limited by the parties' requests as to its ability to grant appropriate judgment, but may distribute the marital assets based on considerations of fairness (see, e.g., supra, at 450).

As to defendant's contentions of abuse of discretion with regard to the grant of maintenance to plaintiff in the amount of $325 per month for five years, defendant urges that plaintiff is young, in good health, has considerable assets and is self-supporting. On the other hand, this is a long-term marriage, plaintiff has less than one half of defendant's income and she owes defendant a balance on distribution. In balance, we conclude that Supreme Court did not abuse its discretion in awarding plaintiff maintenance (see, Holcomb v Holcomb, 148 AD2d 915).

As to counsel fees awarded plaintiff, defendant properly points out that plaintiff failed to submit documentation of services rendered and proof of the reasonable value thereof. Therefore, the award was an abuse of discretion (see, Breckenridge v Breckenridge, 103 AD2d 900, 901).

---

* There is a typographical error in plaintiff's proposed disposition in which plaintiff requests one half of the pension for plaintiff and two thirds of the pension for defendant.

Judgment modified, on the law, without costs, by reversing so much thereof as distributed $6,000, representing the value of the Kiwassa Lake property, and ordered defendant to pay counsel fees, and, as so modified, affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.