■ SHEILA B. GOLDBERG, Respondent, v BARTON L. GOLDBERG, Appellant.—Judgment, Supreme Court, New York County (Carmen Ciparick, J.), entered on October 17, 1989, after a non-jury trial, which, *inter alia,* granted plaintiff a divorce on the grounds of cruel and inhuman treatment and granted plaintiff a distributive award, in the sum of $1,855,123.62, on account of the Goldberg Family Trust, the Goldberg Trust Fund, and the Alpine Country Club Bond, unanimously affirmed, without costs.

The parties, age 61 and 66, were married 27 years at the time they separated in 1985. The parties maintained a luxurious standard of living, in part, as a result of the defendant's sale in 1982 of his substantial ownership position in Amtex, Inc., as well as due to the non-monetary contributions of the plaintiff, a relatively well known Tony Award winning stage and television actress, who gave up her acting career to perform homemaking and child rearing services which contributed to the defendant's successful career.

After a lengthy trial, the court found that the plaintiff had established that, during the marriage, she was a significant contributor in the accumulation of marital property and that the defendant had deliberately dissipated marital funds and secreted marital assets through the conveyance of those assets to the aforementioned various trusts and *alter ego* corporations. These entities served as the defendant's personal

"pocket book", thereby necessitating a distributive award to the plaintiff of her share of the marital property, in lieu of equitable distribution, so as to achieve an equitable result in the distribution of that property.

The dissipation or secreting of marital assets constitutes a form of "economic fault" which should be considered in making an equitable distribution *(Contino v Contino,* 140 AD2d 662).

We find that the court's determination as to whether the marital property should be physically distributed or a distributive award made in lieu thereof was not an abuse of discretion and should therefore not be disturbed. *(Majauskas v Majauskas,* 61 NY2d 481; *Day v Day,* 152 AD2d 827.)

Similarly, we find no abuse of discretion by the trial court in determining that the plaintiff was entitled to retain certain items of jewelry in her possession valued at $43,000 as her separate property, was entitled to exclusive possession of the marital rental apartment at Tudor City Place and the rights thereto, and in directing the defendant to pay the plaintiff $12,500 per month as maintenance. Concur—Murphy, P. J., Carro, Kupferman and Smith, JJ.