■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTS-BURGH, PA., Appellant, v GLASS CHECK CASHING CORP., Respondent, et al., Defendant.—Order, Supreme Court, New York County, entered September 27, 1990 which, *inter alia,* granted defendant Glass Check Cashing Corp.'s motion for summary judgment dismissing the complaint, is unanimously affirmed, with costs.

The action seeks to recover losses sustained by plaintiff's assignor and insured as a result of the wrongful cashing of its checks drawn on an account it maintained to pay the salaries of its employees. The checks were allegedly issued by a dishonest employee of plaintiff's assignor (subsequently convicted of falsifying business records), made payable to former employees of plaintiff's assignor or other fictitious persons, and cashed by defendant, a check cashing establishment which, allegedly, knowingly participated in this wrongdoing. While such suffices to state a cause of action for commercial bad faith *(Prudential-Bache Sec. v Citibank,* 73 NY2d 263), summary judgment was properly granted in favor of defendant for lack of proof that it acted with "out-and-out dishonesty" *(supra,* at 274).

Plaintiff took the deposition of defendant's president, who testified as to the general verification procedures used by defendant before cashing the check. She stated that in the case of a payroll check, after the bearer's identification is verified, the employer is called to verify that the check was properly issued. Then the bank on which the check is drawn is called to verify that there are sufficient funds. She further stated that when the first of plaintiff's assignor's employees came in, she spoke with a woman named Evelyn in the

payroll department who verified that plaintiff's assignor's employees would be using defendant's check cashing facilities since that location was convenient for many of them. Evelyn is the first name of the dishonest employee. In her affidavit in support of the motion to dismiss, defendant's president denied that defendant or any of its employees knowingly participated in the scheme of any dishonest employees. Although no other employees of defendant were examined, IAS erroneously stated that there were, and, while recognizing that the complaint stated a cause of action, granted defendant summary judgment for plaintiff's failure "to contradict [defendant's] allegations" denying complicity in the scheme. We affirm, albeit for different reasons.

Plaintiff argues that disclosure of other of defendant's employees is required in order to determine whether any of them acted in complicity with plaintiff's assignor's dishonest employee. Also needed for this purpose, plaintiff contends, is the deposition of the dishonest employee herself. While a party should be given the opportunity through disclosure to acquire facts essential to justify its opposition to a motion for summary judgment, especially when those facts are within the exclusive knowledge of the movant *(Simpson v Term Indus.,* 126 AD2d 484, 486), the claim that further disclosure is needed is not persuasive where such a party has by its own inaction not moved to obtain it *(Moxon v Barbour,* 106 AD2d 558, 559; *Silinsky v State-Wide Ins. Co.,* 30 AD2d 1, 5-6).

Plaintiff commenced this action by summons and complaint dated June 6, 1988. The dishonest employee was sentenced in November 1988, the deposition of plaintiff's assignor's agent was taken in July 1989, the deposition of defendant's president was taken in October 1989, and the instant motion was made in February 1990 and argued in May 1990. Thus, plaintiff had 15 months—from November 1988, when the dishonest employee was sentenced, to February 1990, when the instant action was brought—to seek the disclosure it argues is needed to justify its opposition to the motion. While disclosure was stayed by the making of the motion in February of 1990, plaintiff had an additional three months to seek an order allowing disclosure to go forward (CPLR 3214 [b]). Thus, despite IAS's erroneous impression that plaintiff had completed whatever disclosure it wanted from defendant's employees, we agree with IAS that summary judgment should be granted because of plaintiff's failure to adduce any proof refuting the professions of honesty made by defendant's presi-

dent. Concur—Sullivan, J. P., Carro, Rosenberger and Rubin, JJ.