■ JAMES M. FORSHAY et al., Appellants, v STAR DAIRY, INC., et al., Respondents.—Crew III, J. Appeals (1) from an order of the Supreme Court (Williams, J.), entered June 18, 1991 in Sullivan County, which, *inter alia,* granted defendants' cross motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered October 11, 1991 in Sullivan County, which denied plaintiffs' motion for reconsideration.

On February 3, 1989, plaintiff James M. Forshay (hereinafter plaintiff) was injured while riding in a vehicle operated by defendant Harry J. Huffman. At the time of the accident, plaintiff was employed by Mountain Dairies, Inc. Following joinder of issue, plaintiff moved to strike defendants' fifth affirmative defense, which asserted that plaintiff's causes of action were barred under the Workers' Compensation Law, and defendants cross-moved for summary judgment dismissing

the complaint. Supreme Court, *inter alia,* granted defendants' cross motion and denied plaintiff's subsequent motion for reconsideration. These appeals followed.

At issue on appeal is whether plaintiff and Huffman were coemployees; if so, this action is barred under Workers' Compensation Law § 29 (6) *(see, Heritage v Van Patten,* 59 NY2d 1017; *cf., Kenny v Bacolo,* 61 NY2d 642). In support of their cross motion for summary judgment, defendants submitted affidavits by Huffman and the president of defendant Star Dairy Inc. and Mountain Dairies asserting that Huffman was employed by the latter company at the time of the accident. It is undisputed that plaintiff was employed by Mountain Dairies at that time. Defendants also submitted a wage and tax statement for 1989 showing Mountain Dairies as Huffman's employer. In our view, defendants met their burden of submitting admissible proof in evidentiary form that Huffman was plaintiff's coemployee; it was then incumbent upon plaintiff to submit proof in admissible form sufficient to create a triable issue of fact *(see, Kennerly v Campbell Chain Co.,* 133 AD2d 669). This plaintiff failed to do.

It is true that summary judgment will not be granted where self-serving exculpatory statements are made by parties having exclusive knowledge of the facts *(see, Koen v Carl Co.,* 70 AD2d 695). Plaintiff argues that such is the case here and that further discovery is required to refute defendants' contentions. We disagree. Even if we accept that the question of whether Huffman and plaintiff were coemployees is within defendants' exclusive knowledge, the claim that further disclosure is needed is not persuasive insofar as plaintiff, by his own inaction, has failed to act diligently in attempting to obtain pretrial discovery *(see, National Union Fire Ins. Co. v Glass Check Cashing Corp.,* 177 AD2d 419; *cf., Liberty Mut. Ins. Co. v Aetna Cas. & Sur. Co.,* 168 AD2d 121, 137). Plaintiff had ample opportunity to develop the facts before he moved to strike defendants' affirmative defense on this issue, and it was not until defendants' cross motion that plaintiff sought production of Star Dairy's payroll records *(see, Rastelli v Goodyear Tire & Rubber Co.,* 165 AD2d 111, *revd on other grounds* 79 NY2d 289; *Babcock v Allan,* 115 AD2d 297). Given this lack of diligence, and inasmuch as plaintiff's papers in opposition to the cross motion "do not demonstrate any significant possibility beyond speculation or surmise that further discovery" will determine the issue of Huffman's employment status *(Rastelli v Goodyear Tire & Rubber Co., supra,* at 114), plaintiff's excuse for failing to contradict the proof was insufficient

to defeat the cross motion. We have considered plaintiff's remaining contentions, including the appealable portion of the motion for reconsideration, and find the arguments advanced to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Mercure and Casey, JJ., concur. Ordered that the orders are affirmed, with costs.