■ CHARLES P. TREPPEDA, Appellant, v JOYCE H. TREPPEDA, Respondent. [622 NYS2d 749] —In an action for divorce and ancillary relief, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Miller, J.), entered March 11, 1993, which, *inter alia,* granted a divorce to the defendant on her counterclaim, awarded custody of the children to the defendant, awarded child support to the defendant, and distributed the marital property.

Ordered that the judgment is affirmed, with costs.

The plaintiff contends that he was deprived of a fair trial after his attorney failed to appear for trial and the court conducted the trial without permitting the plaintiff a reasonable time to retain new counsel.

The record reveals that the trial in this case was conducted on two separate days. On the first day of the trial, the plaintiff, without the aid of counsel, withdrew his complaint. However, the defendant maintained her counterclaim for divorce, and, at the conclusion of the testimony, the defendant's counterclaim was granted. Prior to hearing the evidence, the court specifically asked the plaintiff if he was representing himself, and the plaintiff replied in the affirmative. The court adjourned the trial five days to permit the plaintiff to retain new counsel and to give the parties an opportunity to reach a settlement on the remaining issues. Upon reconvening the trial, despite the court's offer to further adjourn the matter in order for the plaintiff to retain counsel, the plaintiff indicated that he intended to retain counsel for the sole purpose of appealing the court's previous determination. The court proceeded with the trial, and the issues of child custody and visitation, child support and equitable distribution of the marital assets were thereafter determined.

The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court *(see, Matter of Anthony M.,* 63 NY2d 270, 283; *see also, Cuevas v Cuevas,* 110 AD2d 873, 877). The court in this case gave the plaintiff ample opportunity to retain counsel to represent his interests; yet the plaintiff declined to do so. Moreover, the trial record indicates that the court's distribution of the marital assets and its determination of custody and visitation were fair and based upon the evidence before the court. Under these circumstances, the court did not improvidently exercise its discretion in permitting the plaintiff to proceed *pro se* at trial. Lawrence, J. P., Ritter, Friedmann and Krausman, JJ., concur.