■ ABRAHAM BORENSTEIN et al., Plaintiffs, v ROCHEL PROPERTIES, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. MEYER RISPLER et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants. [627 NYS2d 676] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about May 13, 1994, which denied the motion of plaintiffs and of third-party defendants to confirm the report of the Special Referee and granted the motion of third-party plaintiffs to reject the report and granted the third-party plaintiffs summary judgment, unanimously affirmed, with costs.

The court was within its authority in rejecting the report of the Special Referee made after a hearing to compute the deficiency judgment to be awarded against the guarantors after a foreclosure sale as unsupported by the record (CPLR 4403; *see, Kardanis v Velis*, 90 AD2d 727). Third-party plaintiffs presented uncontroverted expert testimony of the fair market value of the premises, and undisputed testimony that the condition of the premises did not change between the date of the foreclosure sale and the date of the appraiser's inspection (*see, Yonkers City Post No. 1666 v Bottiglieri*, 143 AD2d 267, 271).

The court also did not abuse its discretion with respect to disclosure (*see, Kaplan v Herbstein*, 175 AD2d 200) as the third-party defendants had waived their rights to such disclosure by their delay and inaction (*see, National Union Fire Ins. Co. v Glass Check Cashing Corp.*, 177 AD2d 419). Nor did the court abuse its discretion in refusing to grant any further adjournments (*see, Schneyer v Silberg*, 156 AD2d 200, *appeal dismissed* 77 NY2d 872). Concur—Murphy, P. J., Rosenberger, Wallach, Williams and Tom, JJ.