JANE L. MUNSON, Respondent, v ROBERT MUNSON, Appellant. [663 NYS2d 441] —Spain, J. Appeals from two orders of the Supreme Court (Lynn, J.H.O.), entered May 28, 1996 in Ulster County, which granted plaintiff's motion for an amended qualified domestic relations order.

The parties were married in September 1971 and plaintiff commenced an action for divorce in March 1988. The parties thereafter stipulated to the assignment of a Judicial Hearing Officer (hereinafter JHO) to preside over the proceeding. After a nonjury trial the JHO, in a written decision dated July 11, 1989, concluded, *inter alia*, that plaintiff was entitled to a divorce upon the ground of cruel and inhuman treatment; that based upon the financial disparity between plaintiff and defendant, plaintiff should receive 68% of the marital assets and defendant should receive 32%; and further, upon distribution of

the pensions, plaintiff's share of the *Majauskas* formula (*see, Majauskas v Majauskas,* 61 NY2d 481) would be 68% and defendant's share would be 32%. The judgment of divorce, dated August 18, 1989, does not, however, specifically provide for distribution of the pensions.

In December 1991, the JHO executed a "qualified domestic relations order supplementary judgment" (hereinafter the QDROSJ) for the purpose of distributing defendant's pensions from his International Typographical Union Industrial Pension plan and his New York State and Local Employees Retirement System plan; notably, the QDROSJ stated that "should this [o]rder, or any part of it be rejected by the respective plan administrators, this Court shall reserve jurisdiction to effect necessary changes". The QDROSJ was subsequently rejected by the respective administrators of the pension plans. In April 1996, plaintiff moved for an order to vacate the 1991 QDROSJ and submitted two new proposed qualified domestic relations orders with regard to defendant's separate pensions. Defendant opposed the motion arguing, *inter alia,* that the proposed orders grant plaintiff new substantive rights by restricting defendant's ability to designate his survivor, which is a restriction he alleges was not ordered by the trial court and is neither warranted nor appropriate. Following oral argument the JHO signed the two qualified domestic relations orders. Defendant now appeals from those orders.

Initially, we reject defendant's contention that the JHO's jurisdiction over this proceeding terminated upon his execution of the judgment of divorce. 22 NYCRR 122.6 (a) states, in pertinent part: "A judicial hearing officer shall be assigned to a particular proceeding by the administrative judge, in his or her discretion, upon consideration of all relevant factors, including the nature of the matter to be referred, the experience and expertise of the judicial hearing officer with respect to matters of that nature [and] the expected length and complexity of the matter[s]." Furthermore, once a JHO has been properly assigned to try an action, the JHO has identical powers of a Judge of the court in his or her performance as a Trial Judge (*see,* CPLR 4301). Postjudgment applications are commonplace in matrimonial actions and, in our view, are part and parcel of said particular action. Moreover, defendant failed to either appeal from the judgment of divorce, wherein the JHO stated that the judgment was a partial determination subject to supplemental judgment, or the QDROSJ, wherein the JHO reserved jurisdiction to effect necessary changes. We conclude that defendant waived any right he may have had to contest the JHO's continuing jurisdiction over this action.

Next, it is settled law that pension benefits earned during the course of a marriage and prior to the commencement of an action for divorce or the signing of a separation agreement constitute marital property over which the trial court has discretion when determining issues of equitable distribution (*see,* Domestic Relations Law § 236 [B] [1] [c]; *see also, Majauskas v Majauskas,* 61 NY2d 481, 485-486, *supra*). Moreover, equitable distribution presents issues of fact to be resolved by the trial court based upon considerations of fairness, and its judgment should be upheld absent an abuse of discretion (*see, Day v Day,* 152 AD2d 827). We agree with plaintiff's assertion that the JHO was in the best position to evaluate all the factors in this case as he heard all the testimony at trial. However, the judgment of divorce is silent regarding the distribution of defendant's pension; further, the JHO failed to set forth his reasoning, either on the record or in a written decision, for granting plaintiff's request for survivorship benefits in defendant's pensions (*see generally, De Gaust v De Gaust,* 237 AD2d 862). Notably, 22 NYCRR 122.9, entitled "Reports", states, in pertinent part: "All reports and decisions [of a JHO] shall be in writing and shall indicate the reasons upon which the decisions or findings and recommendations contained in the report are based." In our view, the JHO's failure to specify his reasoning for granting survivorship benefits to defendant necessitates remittal of this matter. Accordingly, we hereby withhold decision and remit this matter to the JHO.

Mikoll, J. P., Crew III, White and Casey, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.