■ JANE L. MUNSON, Respondent, v ROBERT MUNSON, Appellant. [672 NYS2d 968] —Spain, J. Appeals from two orders of the Supreme Court (Lynn, J.H.O.), entered May 28, 1996 in Ulster County, which granted plaintiff's motion for an amended qualified domestic relations order.

When this matter was previously before us we concluded "that defendant waived any right he may have had to contest the JHO's continuing jurisdiction over this action"; however, we remitted the matter based upon the JHO's failure to set forth his reasoning for granting plaintiff's request for survivorship benefits in defendant's pensions (243 AD2d 1031, 1032). Upon remittal the JHO held a further hearing and in a decision/order dated April 11, 1998 stated, *inter alia,* "if the plaintiff is not given survivorship rights, the plaintiff will get a lesser number of dollars out of the pension while the defendant lives and [she will get] nothing after his death, while another person will reap the benefits of that for which the plaintiff, as part of a domestic partnership, earned while the parties were together".

Pension benefits earned during marriage constitute marital property over which the trial court has discretion when determining issues of equitable distribution (*see,* Domestic Relations Law § 236 [B] [1] [c]; [B] [5]; *see also, Olivo v Olivo,* 82 NY2d 202; *Majauskas v Majauskas,* 61 NY2d 481). Equitable distribution presents issues of fact to be resolved by the trial court, and its judgment should be upheld absent an abuse of discretion (*see, Day v Day,* 152 AD2d 827). The court may distribute the assets based upon considerations of fairness (*see, id.,* at 829). Here, the JHO was in the best position to evaluate all the factors in this case as he heard all the testimony at trial concerning plaintiff's ability to be self-supporting in the future, the disparity of income between the parties and plaintiff's disability as a result of multiple sclerosis. Upon our review of the entire record, we conclude that the JHO's award to plaintiff of a 68% interest in the pension with survivorship rights was not an abuse of discretion. Accordingly, we decline to disturb the determination.

Mikoll, J. P., Crew III and White, JJ., concur. Ordered that the orders are affirmed, without costs.