■ CHERYL ALLWELL, Appellant, v GERALD C. ALLWELL, SR., Respondent. [675 NYS2d 248] —Spain, J. Appeal from a judgment of the Supreme Court (Dawson, J.) denying plaintiff a divorce,

entered May 6, 1997 in Essex County, upon a decision of the court.

Plaintiff and defendant were married in July 1981 and have two children, born in 1982 and 1983. Following years of marital discord, plaintiff vacated the marital residence in April 1994 and commenced this action for divorce in 1995. The amended verified complaint set forth a cause of action based upon cruel and inhuman treatment alleging that defendant treated plaintiff with hatred, aversion, hostility and contempt. Defendant answered and denied all pertinent allegations contained in the amended complaint. Following a nonjury trial, Supreme Court determined that the marriage was "dead"; however, it concluded that plaintiff "failed to prove a course of conduct rising to the level of cruel and inhuman treatment" and dismissed the complaint. Plaintiff appeals.

We reverse. Upon our review of the record, we conclude that Supreme Court erred in dismissing the complaint. In our view, plaintiff proved that defendant engaged in a course of conduct which rendered it unsafe and improper for her to continue to cohabit with him (see, Domestic Relations Law § 170 [1]). "The existence of a long-term marriage does not, of course, serve as an absolute bar to the granting of a divorce for cruel and inhuman treatment" (*Brady v Brady*, 64 NY2d 339, 345); however, the conduct must be serious and not just an indication of incompatibility (see, *Hessen v Hessen*, 33 NY2d 406, 409-410).

Here, plaintiff testified to marital discord which escalated in 1991; it affected her health and eventually caused her to leave the marital residence for her physical and emotional well-being. The record reveals uncontroverted proof of, among other things, defendant's verbal abuse; repeated incidents of his returning home late at night or early in the morning in an intoxicated condition; his repeatedly waking up plaintiff at night to discuss marital issues; his removing the license plates and insurance coverage from her car; and his destruction of plaintiff's property not withstanding his excuse that his tendency to violently destroy property resulted from counseling, wherein he was advised that he should channel his anger toward inanimate objects rather than physically abuse plaintiff. This evidence, coupled with Supreme Court's finding of "objective evidence" of an act of physical violence by defendant toward plaintiff, amply justifies plaintiff's feelings of being "petrified" and her depression.

The record reveals that defendant committed acts of violence and sought to harass and intimidate plaintiff; these acts of cruelty and inhumanity represented more than day-to-day

disagreements or mere unhappiness. Notably, the absence of medical proof is not necessarily fatal to plaintiff's case (*see, Doyle v Doyle*, 214 AD2d 918, 919, *lv denied* 87 NY2d 803; *Brooks v Brooks*, 191 AD2d 1042, 1043). The totality of the evidence in the record supports the conclusion that plaintiff's physical and mental well-being were endangered and that continued cohabitation would be " 'unsafe or improper' " (*Echevarria v Echevarria*, 40 NY2d 262, 264; *see, Feeney v Feeney*, 241 AD2d 510; *Rheinheimer v Rheinheimer*, 235 AD2d 742; *Bulger v Bulger*, 88 AD2d 895, 896).

Accordingly, we remit the matter to Supreme Court to make equitable distribution findings (*see*, Domestic Relations Law § 236 [B] [5] [d]); (*Munson v Munson*, 243 AD2d 1031, 1033).

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.