■ CHRISTINA REIK, Respondent, v WILLIAM J. REIK, JR., Appellant. [720 NYS2d 346] —Judgment, Supreme Court, New York County (Walter Tolub, J.), entered June 21, 2000, which, after a hearing before a Referee on fault and a nonjury trial on equitable distribution, dissolved the parties' marriage on the ground of cruel and inhuman treatment of plaintiff by defendant, and distributed the marital property, and bringing up for review an order, same court and Justice, entered May 14, 1999, which granted plaintiff's motion to confirm the Referee's report dated February 18, 1999, denied defendant's cross motion to reject the Referee's report, and directed judgment in plaintiff's favor, unanimously affirmed, with costs. Appeal from order, entered May 14, 1999, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Defendant's self-serving view of the evidence gives this Court no reason to disturb the matrimonial court's various exercises of discretion or its factual determinations (*see, Friedman v Friedman*, 216 AD2d 204). The record supports the conclusion that plaintiff wife was entitled to a divorce on the ground of cruel and inhuman treatment based on the "totality" of defendant husband's conduct (*see, Allwell v Allwell*, 252 AD2d 683, 684; *see also, Stoothoff v Stoothoff*, 226 AD2d 209, 210). The record also supports the matrimonial court's findings as to plaintiff wife's contributions to the appreciation of the value of the marital property (*see, Hartog v Hartog*, 85 NY2d 36, 45-46). The matrimonial court's valuation of the marital property was properly based on the value of that property as of the time of the trial (*see, Finkelstein v Finkelstein*, 268 AD2d 273); post-trial changes in value were properly treated as irrelevant (*see, Fleitz v Fleitz*, 223 AD2d 946, 948, *lv denied* 88 NY2d 802). The denial of defendant's request for an adjournment prior to the hearing before the Referee constituted a proper exercise of discretion (*see, David K. v Iris K.*, 276 AD2d 421, 422). We have considered defendant's remaining arguments and find them unavailing. Concur—Mazzarelli, J. P., Andrias, Lerner, Saxe and Buckley, JJ.