■ FELIX LOPEZ, Appellant, v CARMEN J. SALDANA, Respondent. [765 NYS2d 793] —Judgment, Supreme Court, New York County (Marjory Fields, J.), entered August 27, 2002, which, after a nonjury trial, awarded defendant wife, inter alia, a distributive award of $20,890.67, representing her equitable share of plaintiff husband's increased earning capacity as a lawyer, and $19,979.82, representing her equitable credit for the parties' marital debt; awarded plaintiff $4,266.79 a year

from defendant's New York State Nurses' Association (NYSNA) pension plan; and ordered plaintiff to pay the distributive award within 30 days, unanimously modified, on the law and the facts, to reduce plaintiff husband's share of the marital debt from $19,979.82 to $17,981.41, and to direct plaintiff to pay $2,500 of the distributive award within 30 days of the date of service of a copy of this order, with notice of entry, and the balance in equal monthly installments over a period of 18 months commencing 60 days after the date of service of a copy of this order, with notice of entry, and otherwise affirmed, without costs.

Plaintiff's challenge to the order granting the divorce is not appealable because he is not an "aggrieved party" pursuant to CPLR 5511, having consented to entry of judgment (*see Goodman v Goodman*, 150 AD2d 636 [1989]).

In distributing the marital property, the court analyzed the relevant factors among those delineated in Domestic Relations Law § 236 (B) (5) (d) (*see Castaldo v Castaldo*, 289 AD2d 189, 190 [2001]), and its conclusion that plaintiff contributed 30% to the marriage is supported by the record (*see Hartog v Hartog*, 85 NY2d 36, 45-46 [1995]). However, plaintiff did not show that certain retirement annuities were established during the marriage (*see Davis v Davis*, 128 AD2d 470, 476 [1987]), and his equitable share of defendant's retirement plans was appropriately limited to her NYSNA pension. The concurrence of her participation in the plan and the term of the marriage obviates the necessity to perform the intricate analysis undertaken in *Majauskas v Majauskas* (61 NY2d 481 [1984]). Similarly, plaintiff's completion of a year of full-time law study during the marriage warrants the inclusion of one third of his law degree as marital property (*see Hartog* at 45-46; *Reik v Reik*, 280 AD2d 372 [2001]). In the absence of documentary proof, no credit is due plaintiff for his claimed credit card indebtedness of $22,000 (*see Feldman v Feldman*, 204 AD2d 268, 270 [1994]). However, the allocation of one third of defendant's marital debt to plaintiff is inconsistent with his allocation of only 30% of the marital assets (*see Zelnik v Zelnik*, 169 AD2d 317, 337 [1991]; *Purpura v Purpura*, 193 AD2d 793, 796 [1993]), and we therefore reduce his share of the marital debt from $19,979.82 to $17,981.41. Finally, the record does not demonstrate plaintiff's ability to pay the distributive award in a lump sum and, accordingly, we establish the installment schedule indicated above.

We have considered plaintiff's remaining arguments and find them to be unavailing. Concur—Saxe, J.P., Rosenberger, Friedman and Marlow, JJ.