■ PATRICK D. BARRETT, Individually and as Limited Partner of DELMA ASSOCIATES, LP, for the Benefit of DELMA ASSOCIATES, LP, Appellant, v KEVORK TOROYAN et al., Respondents, et al., Defendant. [846 NYS2d 2]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered December 13, 2006, which granted the motion by the Delma defendants and individual defendants Toroyan, Shawwa and Khoury to confirm the report of the Special Referee, affirmed, without costs.

The Special Referee found that Delma Associates had advanced no money for litigation costs of the individual defendant directors. A referee's report should be confirmed if its findings are supported by the record (*Baker v Kohler*, 28 AD3d 375 [2006], *lv denied* 7 NY3d 885 [2006]; *Freedman v Freedman*, 211 AD2d 580 [1995]). In light of plaintiff's dilatory conduct in pursuing discovery, the Special Referee properly declined to allow further discovery before the hearing proceeded (*see Forshay v Star Dairy*, 187 AD2d 838 [1992], *lv denied* 81 NY2d 818 [1993]).

The dissent would deny confirmation of that part of the Special Referee's report relating to the $177,000 paid by Delma Associates to Winston & Strawn and remand the matter for further proceedings. Such result is based on the conclusion that since Delma Associates paid that amount to Winston & Strawn, which discounted the balance of its $230,000 bill, and since defendants submitted no other evidence regarding this payment, it would appear that at least some of this payment was advanced for the legal expenses of the individual defendants. However, aside from impermissibly shifting the burden of proof on the issue to defendants, such conclusion seemingly accepts plaintiff's speculative argument that "at least some of the legal work that Winston and Strawn performed must have been undertaken on behalf of" the individual defendants, which argument has no support in the record. Despite having had ample opportunity to do so, plaintiff presented no testimony or other evidence that could permit an inference that any portion of the $177,000 paid to Winston & Strawn was made on behalf of the individual defendants. As the motion court held, it would not allow plaintiff to use defendants' motion to confirm the Special Referee's report as a third bite at the apple in order to obtain discovery that he was dilatory in seeking. The dissent would now give plaintiff a fourth bite at the apple to present a case that, despite ample opportunity to do so, he failed to present before the Special Referee.

We have considered plaintiff's remaining contentions and find them without merit. Concur—Andrias, J.P., Gonzalez, Sweeny and Malone, JJ.

McGuire, J., concurs in part and dissents in part in a memorandum as follows: Plaintiff, a limited partner of Delma Associates, LP (the Associates), commenced this action against the Associates' general partner, Delma Properties Inc. (the Properties) and the individuals composing the Properties' board of directors, Toroyan, Shawwa and Khoury (the individual defendants). The gravamen of this action is alleged misappropriation of the assets of the Associates and breach of the Associates' partnership agreement. Plaintiff moved to prohibit the Associates, the Properties and the individual defendants from using funds belonging to the Associates to pay legal expenses incurred by those parties in the course of this action. Plaintiff also sought the return to the Associates of any funds previously advanced for such expenses. Supreme Court, concluding that the individual defendants engaged in self-dealing in advancing to themselves litigation expenses, granted the motion to the extent of prohibiting the Associates from advancing to the individual

defendants litigation expenses and requiring the individual defendants to return to the Associates any such expenses already advanced. The court referred the issue of the amount of money advanced to the individual defendants to a referee to hear and report.

Plaintiff appeared at the hearing and requested an adjournment to allow him time to conduct discovery, but the request was denied by both the Justice supervising the Referees' part and the Referee. Plaintiff then stated that he was not prepared to proceed but the hearing nevertheless went forward. Defendants called Barkev Kalayjian, the Properties' corporate controller. Kalayjian testified that the law firm of LeBoeuf, Lamb, Greene & MacRae LLP (LeBoeuf Lamb) had billed defendants $825,000 for work the firm had performed on behalf of defendants in the action. Kalayjian further testified that only $350,000 of the $825,000 balance had been paid by defendants. This $350,000 was, according to Kalayjian, derived from the following sources: (1) $200,000 from Delma Associates II—an entity related to but separate and distinct from the Associates; (2) $46,875 from each of the individual defendants (totaling $140,625); and (3) $9,375 from the Properties. Kalayjian also testified that another law firm, Winston & Strawn, charged defendants $235,000 for work that the firm performed on the matter and that the Associates "partly paid" that fee. Specifically, Kalayjian stated that the Associates paid $177,000 toward that bill and that the remainder was "discounted" by the firm.

Following the hearing, the Referee determined that the Associates did not advance any money for the litigation expenses of the individual defendants. Supreme Court confirmed the Referee's report and plaintiff appealed.

Plaintiff advances two arguments on appeal: his request for an adjournment should have been granted, and the Referee improperly placed the burden of proof on plaintiff. With respect to the first contention, plaintiff never served a discovery request on defendants to produce copies of the bills they received from LeBoeuf Lamb or attempted to subpoena these bills. Nor did he seek judicial assistance in obtaining the bills until approximately three months after Justice Lowe's order referring the matter to a Referee after the note of issue had been filed. Accordingly, the denial of an adjournment was a proper exercise of discretion (*see Reik v Reik*, 280 AD2d 372 [2001]; *Treppeda v Treppeda*, 212 AD2d 592 [1995]).

Concerning the second contention, plaintiff claims that, because the individual defendants had engaged in self-dealing, defendants were required, under the "entire fairness" doctrine,

to demonstrate that the funds advanced by the Associates were not used to pay the individual defendants' legal expenses. Where the action of a corporate board is the product of self-dealing, the "challenged transaction must withstand rigorous judicial scrutiny under the exacting standards of entire fairness" (*Mills Acquisition Co. v Macmillan, Inc.*, 559 A2d 1261, 1279 [Del 1989]) and it is the defendant who bears the burden of demonstrating the entire fairness of the transaction (*id.* at 1280; *see Alpert v 28 Williams St. Corp.*, 63 NY2d 557, 570 [1984]; *Chelrob, Inc. v Barrett*, 293 NY 442, 461 [1944]; *Wolf v Rand*, 258 AD2d 401, 404 [1999]; *Limmer v Medallion Group*, 75 AD2d 299, 303 [1980] ["In . . . instances of self-dealing, defendants have the burden of demonstrating the fairness of the transactions"]; *In re Croton Riv. Club, Inc.*, 52 F3d 41, 44 [2d Cir 1995]; *Norlin Corp. v Rooney, Pace Inc.*, 744 F2d 255, 264 [2d Cir 1984]; 3A Fletcher, Cyclopedia of the Law of Corporations § 1040 [2007]).

The Referee's determination that the Associates did not advance any money toward the LeBoeuf Lamb bill for legal services furnished to the individual defendants is supported by the record and was properly confirmed by Supreme Court (*see Sichel v Polak*, 36 AD3d 416 [2007]). Kalayjian testified that only $350,000 of the $825,000 owed to LeBoeuf Lamb was paid and identified the sources of that $350,000, none of which was the Associates.

The Referee's determination that the Associates did not advance any money toward the Winston & Strawn bill for legal services furnished to the individual defendants, however, stands on a different footing. Kalayjian testified that the Associates paid $177,000 toward that bill, but defendants offered no other evidence regarding this payment. Notably, Kalayjian also testified that Winston & Strawn's bills (like the bills from LeBoeuf Lamb) were sent to both the Properties and the individual defendants. No argument has been made by defendants—either before the Referee or on appeal—that Winston & Strawn did not perform legal work for the individual defendants. Rather, their contention has been that the Associates did not pay any of the fees charged to the individual defendants. However, the only reasonable conclusions permitted on this record are that: (1) at least some portion of the work performed by Winston & Strawn was performed for the individual defendants, and (2) the Associates advanced legal expenses for the individual defendants.

Thus, defendants failed to satisfy their burden of demonstrating the entire fairness of the challenged transaction.[1]

Accordingly, I would modify the order to the extent of denying that aspect of the motion seeking to confirm the Referee's finding that the Associates did not advance any money toward the Winston & Strawn bill for legal services furnished to the individual defendants and remand the matter for further proceedings, and otherwise affirm.[2] [*See* 2006 NY Slip Op 30079(U).]

1. The majority cites nothing to support placing the burden of proof on plaintiff, and ignores all of the cases and authorities cited above that refute its position.

2. In the motion practice giving rise to this appeal, plaintiff did not seek affirmative relief from Supreme Court (i.e., an award of some or all of the funds advanced); rather, he urged rejection of the Referee's report and indicated that further proceedings were required. Similarly, on appeal plaintiff does not press any argument for affirmative relief. Thus, remand for further proceedings regarding the extent to which defendants must reimburse the Associates for funds advanced toward the legal expenses of the individual defendants is required.