Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O., and a jury), entered September 10, 2008, to the extent appealed from, dismissing plaintiffs cause of action for breach of fiduciary duty, unanimously affirmed, with costs.
Plaintiff shows no reason to disturb the jury’s assessment of witness credibility and resolution of conflicting evidence (Manne v Museum of Modern Art, 39 AD3d 368 [2007]), or its finding that defendants carried their burden of demonstrating the entire fairness of the transaction underlying plaintiff s breach of fiduciary duty cause of action (see Alpert v 28 Williams St. Corp., 63 NY2d 557, 570 [1984]; Barrett v Toroyan, 45 AD3d 301, 304 [2007]).
There is no dispute that the trial court correctly charged the jury that the burden was on defendants to show that their operation of the subject Delaware limited partnership was entirely fair to plaintiff (see Cinerama, Inc. v Technicolor, Inc., 663 A2d 1156, 1162 [Del 1995]). Plaintiff asserts, however, that the jury should have been instructed that clear and convincing *495 evidence, as opposed to a fair preponderance of the credible evidence, was necessary to carry that burden. As the question is one of evidence, the law of the forum state should govern (cf. Clark v Harnischfeger Sales Corp., 238 App Div 493, 495 [1933]). Finding no New York case directly on point, we are persuaded by opinions of the Court of Chancery of Delaware that have applied the preponderance of the evidence standard to analogous facts (see e.g. Carlson v Hallinan, 925 A2d 506, 530 [Del Ch 2006]; In re Walt Disney Co. Derivative Litig., 907 A2d 693, 757 [Del Ch 2005], affd 906 A2d 27 [Del 2006]). In any event, the claimed error was harmless since defendants clearly satisfied even the higher standard of proof urged by plaintiff (see Stegemeier v Magness, 748 A2d 408 [Del 2000]).
We have considered plaintiffs remaining contentions and find them unavailing. Concur—Tom, J.R, Moskowitz, Renwick, DeGrasse and Manzanet-Daniels, JJ.