YOUSEF YAHUDAII, Plaintiff, v NOURALLAH BAROUKHIAN, Doing Business as EAST 115TH STREET ASSOCIATES, Also Known as EAST 115TH ASSOCIATES, Appellant, et al., Defendants. REISMAN, PEIREZ & REISMAN, L.L.P., Nonparty Respondent. [936 NYS2d 537]—

The JHO's findings are supported by the record (*see Barrett v Toroyan*, 45 AD3d 301 [2007]). To the extent defendant challenges the quality of the legal services provided, his contentions are unavailing, because he failed to raise them before the JHO (*see Marcano v U-Haul Co. of Va.*, 82 AD3d 479 [2011]; *DiIorio v Gibson & Cushman of N.Y.*, 204 AD2d 167 [1994]). Similarly, at the inquest, defendant failed to raise the claim that he was misled as to what was scheduled to take place on the day of the inquest itself.

We find that the fee dispute is not subject to arbitration. While the retainer agreement properly references part 137 of the Rules of the Chief Administrator of the Courts (22 NYCRR), the fee dispute resolution program established by part 137 does not apply to fee disputes involving sums of more than $50,000, absent the consent of the parties (*see* 22 NYCRR 137.1 [b] [2]).

We have reviewed defendant's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Tom, Catterson, Richter and Román, JJ.