Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered January 15, 2013, which, in a dispute between plaintiffs’ outgoing and incoming counsel as to the division of a contingency fee earned in a personal injury action, denied the motion of Brand Brand Nomberg & Rosenbaum, LLP (BBNR) for a charging lien, and allocated to it 5% of the subject fee, unanimously affirmed, without costs.
The motion court’s apportionment of the contingency fee was a provident exercise of discretion. The court analyzed “the relevant factors including the amount of time spent by the attorneys on the case, the nature and quality of the work performed and the relative contributions of counsel toward achieving the outcome” (Diakrousis v Maganga, 61 AD3d 469, 469 [1st Dept 2009]), and its apportionment of 5% of the fee to prior counsel (BBNR) and 95% to trial counsel McMahon & McCarthy (M & M) was appropriate (see e.g. Shabazz v City of New York, 94 AD3d 569 [1st Dept 2012]).
BBNR’s claim that the court held a “cause” hearing, as opposed to a fee hearing or evidentiary hearing, is unpreserved *754 (see Yahudaii v Baroukhian, 89 AD3d 557, 558 [1st Dept 2011]), and belied by the record. Moreover, M & M provided the motion court with a detailed spreadsheet showing a total time of 668.6 hours expended, demonstrating that the firm aggressively litigated on behalf of plaintiffs. Among other things, M & M conducted extensive depositions of the parties and nonparty witnesses, obtained the witness statement from a nonparty witness who had moved out of state by the time M & M was retained, obtained all of the infant plaintiffs medical and school records, hired experts, and conducted the trial over 10 days from jury selection to the settlement of $1,550,000 from the non-city defendants.
BBNR, on the other hand, provided no time records (see Hinds v Kilgallen, 83 AD3d 781, 783 [2d Dept 2011]), and merely relied on an affidavit from a BBNR paralegal who said that she had many conversations with plaintiffs, without any detail as to when such conversations took place or how much time was expended. BBNR made no efforts to go forward with any depositions during the 3V2 years that it had the file, or to investigate any defendant other than the City of New York.
BBNR’s claim that M & M ignored a conditional order of discovery striking the City’s answer, thereby allowing a defendant with unlimited funds to be dismissed out of the case, is unavailing. The City substantially complied with the order, and as noted by the trial judge “the heart of this whole matter was the responsibility of [defendant] school” and the actions of the crossing guard, who was employed by the City, were not a factor.
BBNR’s claim that it kept in constant contact with plaintiffs and that it was replaced solely because it refused to extend a loan to them was refuted by the testimony of plaintiff Ivan Rosado, who stated that the firm never returned his calls, and that he never requested a loan. Concur — Gonzalez, RJ., Mazzarelli, Acosta and Renwick, JJ.