**PF2 Sec. Evaluations, Inc. v Fillebeen**

2025 NY Slip Op 30980(U)

March 26, 2025

Supreme Court, New York County

Docket Number: Index No. 151776/2014

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     __HON. ARLENE P. BLUTH__          PART                    14
                                    *Justice*

| | |
|---|---|
| INDEX NO. | 151776/2014 |
| MOTION DATE | N/A, N/A, N/A |
| MOTION SEQ. NO. | 015 016 017 |

-------------------------------------------------------------------------------X

PF2 SECURITIES EVALUATIONS, INC.,

                        Plaintiff,

              - v -

GUILLAUME FILLEBEEN, LEVEL 3 CONSULTANTS, LLC,

                        Defendant.

-------------------------------------------------------------------------------X

GUILLAUME FILLEBEEN and LEVEL 3
CONSULTANTS, LLC,

                        Counter-Claimants,

- against –

PF2 SECURITIES EVALUATIONS, INC.,
GENE PHILLIPS and ROBIN PHILLIPS,


                        Counter-Defendants.
-----------------------------------------------------------X

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 015) 505, 506, 507, 508, 509, 510, 511, 512, 513, 514, 515, 516, 517, 518, 519, 520, 521, 522, 523, 524, 525, 526, 527, 528, 529, 530, 531, 532, 533, 534, 535, 536, 537, 538, 539, 541, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552, 553, 554, 555, 556, 557, 558, 559, 560, 561, 562, 563, 564, 565, 566, 567, 568, 569, 570, 571, 572, 573, 574, 575, 576, 577, 578, 579, 580, 581, 582, 583, 584, 585, 586, 587, 588, 589, 590, 591, 592, 593, 594, 595, 596, 597, 598, 599, 600, 601, 602, 603, 604, 605, 606, 607, 608, 609, 610, 611, 612, 613, 614, 615, 616, 617, 618, 619, 620, 621, 622, 623, 624, 625, 626, 629, 630, 631, 632, 634, 635, 636, 637, 638, 644, 645, 646, 650

were read on this motion to/for                          DISCOVERY                          .

The following e-filed documents, listed by NYSCEF document number (Motion 016) 651, 652, 653, 654, 655, 678, 680, 711, 712, 713, 714, 715, 716, 717, 718, 719, 720, 721, 722, 723, 724, 725, 726, 727, 728, 729, 730, 731, 732, 733, 734, 735, 736, 737, 738, 739, 740, 741, 742, 743, 744, 745, 746, 747, 748, 749, 750, 751, 752, 753, 754, 755

were read on this motion to/for              CONFIRM/DISAPPROVE AWARD/REPORT      .

The following e-filed documents, listed by NYSCEF document number (Motion 017) 656, 657, 658, 659, 660, 661, 662, 663, 664, 665, 666, 667, 668, 669, 670, 671, 672, 673, 674, 675, 676, 677, 679, 681, 682, 683, 684, 685, 686, 687, 688, 689, 690, 691, 692, 693, 694, 695, 696, 697, 698, 699, 700, 701, 702, 703, 704, 705, 706, 707, 708, 709, 710, 756, 757, 758, 759

were read on this motion to/for                          MODIFY                          .

**151776/2014   PF2 SECURITIES EVALUATIONS, vs. FILLEBEEN, GUILLAUME**                    **Page 1 of 9**
  **Motion No.  015 016 017**

1 of 9

[* 1]

Motion Sequence numbers 015, 016 and 017 are consolidated for disposition. MS015 is now complete given that the referee appointed in connection with that motion has now issued his report. MS016 and 017, motions filed by both plaintiff and defendants to confirm and reject portions of the referee's report, are granted only to the extent that the referee's report is confirmed in its entirety.

**Background**

In this action, plaintiff contends that defendant Fillebeen misappropriated plaintiff's computer algorithms related to financial structures and then used that intellectual property to create a competing business. Plaintiff contends it evaluates collateralized debt obligations ("CDOs") using mathematical models. It alleges that its clients, such as law firms, then hire plaintiff often in the context of litigation as expert witnesses.

Plaintiff says that defendant Fillebeen worked for plaintiff from 2008 through 2013 and therefore had access to plaintiff's trade secret models and client information. It claims that Fillebeen and plaintiff entered into a buyout in November 2012 but that plaintiff soon discovered that Fillebeen was allegedly competing with plaintiff by using plaintiff's mathematical models as part of his own business.

Defendant Fillebeen contends that he was duped into selling his shares of the company at fraction of their true value and continued working for the company as a consultant for a few months prior to ending his relationship with plaintiff. He insists that he was the only employee of plaintiff who had any training in programming computer models and that he was the person who created the subject programs at issue here.

**151776/2014   PF2 SECURITIES EVALUATIONS, vs. FILLEBEEN, GUILLAUME**          **Page 2 of 9**
**Motion No.  015 016 017**

2 of 9

These disputes relate to defendants' second request for the production of documents dated June 18, 2018 and plaintiffs' request that defendants produce certain documents—the subject of motion sequence 015. A judge previously assigned to this matter referred the parties' disputes about this discovery issue to a referee in a decision dated July 16, 2024 (NYSCEF Doc. No. 632). The referee issued his decision on November 12, 2024 following a hearing that took two days. The parties then each made motions (MS016 and 017) concerning this referee's report, which were fully submitted in January 2025. This case and those motions were then transferred to the undersigned in late March 2025.

**The Referee's Report**

The referee observes that the instant discovery dispute involved defendants' motion to compel and for sanctions as well as plaintiff's cross-motion for discovery (NYSCEF Doc. No. 653 at 10). He recommended that both request for relief to compel be granted in part and denied in part.

The referee explains that defendants' document requests contained 46 separate requests but that after the parties appeared before the referee "Defendants have narrowed the requests on which they move to compel, and are now pressing only 18 of their original 46 document requests" (*id*. at 19). As a general observation, the referee opined that:

> "I find that it would be unduly intrusive, burdensome, and disproportionate to the needs of the case to require PF2 to turn over its current (and even prospective) financial information, even under the protections of a confidentiality order, to a bitter adversary from whom it obtained a business divorce more than 12 years ago – especially where the primary purpose of that discovery is not to address the merits of the parties' claims and counterclaims, but to enable Fillebeen to elect what form [of] relief he might seek if he is ultimately successful in establishing the merits of his fraudulent inducement claim" (*id*. at 21).

**151776/2014   PF2 SECURITIES EVALUATIONS, vs. FILLEBEEN, GUILLAUME**
**Motion No.  015 016 017**

**Page 3 of 9**

3 of 9

[* 3]

He then set the time period for disclosure for many of the requests to run until December 31, 2017, which was about five years after the underlying transaction at issue and more than three years after this case started (*id*. at 23).

The referee specifically concluded that any financial information subsequent to January 1, 2018 is not relevant at this time (*id*.). He also required plaintiff to produce a *Jackson* affidavit stating "that a diligent search has been made for any documents not previously produced whose production is directed herein, and that all such documents in Plaintiffs' possession, custody, or control have been produced" (*id*. at 24). The referee then specifically addressed each of the 18 remaining document requests and denied all requests for sanctions (*id*. at 25-41).

The referee observed that:

"Defendants' motion to compel should be granted to the extent of ordering Plaintiffs to produce documents responsive to paragraphs 5, 7, 11, 12, 13, 14, 19, 20, 33, and 42, subject to any limitations set forth in the specific discussion above, for the period through December 31, 2017. Plaintiffs should also be directed to provide an affidavit regarding their document production in the form described above. The remainder of Defendants' document requests should be denied, but Plaintiffs should be directed to preserve responsive documents in case they become or are adjudged relevant in the future" (*id*. at 653).

The referee also opined about plaintiffs' cross-motion to compel:

"Plaintiffs' cross-motion to compel should be granted to the extent of ordering Defendants to produce the tax returns, valuations, website documents models, and any other documents discussed above, subject to any limitations set forth in the specific discussion above. Defendants should also be directed to provide an affidavit attesting that their production is complete and setting forth the search efforts that were made, also as set forth above" (*id*).

**MS016**

In this motion, plaintiff seeks to confirm the portion of the referee's report that required defendants to produce documents and to reject the portion that required it to produce documents. Plaintiff contends that the requests were unduly burdensome, overly broad and palpably

**151776/2014    PF2 SECURITIES EVALUATIONS, vs. FILLEBEEN, GUILLAUME**                **Page 4 of 9**
  **Motion No.  015 016 017**

4 of 9

[* 4]

improper. It complains that the plaintiff has to produce confidential documents spanning a time period of thirteen years even though the conduct at issue took place in 2012 (when defendant Fillebeen took the buyout). Plaintiff also takes issue with the requirement to disclose the personal tax returns of the individual counterclaim defendants and the "trade-secret client contacts." It argues that disclosure of such information would be devastating to plaintiff and that defendants would gain an unfair advantage by receiving such information, particularly the client contact details.

**MS017**

Defendants make their own motion concerning the referee's report in which they seek to confirm the report in part and to reject the limitation on information dated after January 1, 2018. They argue that the referee acknowledged that defendants needed plaintiff's financial information in order to properly elect their remedies. Defendants emphasize that, should they prevail, they will have to assess whether or not they want contract damages and restitution or rescission of the contract and that learning plaintiff's financial situation is a key part of that decision. They stress that they need to learn about the potential value of shares in plaintiff, a closely held corporation.

Defendants also take issue with the fact that they are characterized as plaintiff's competitor. They insist that the corporate defendant has been "dormant" since 2013 and that plaintiff has allegedly sold portions of its business in the time this litigation has been pending. They also argue that they need the personal tax returns of the individual counterclaim defendants (Gene and Robin Phillips) in order to properly value the present day value of plaintiff's shares. Defendants emphasize that plaintiff is a closely held corporation and so the extent to which these

**151776/2014   PF2 SECURITIES EVALUATIONS, vs. FILLEBEEN, GUILLAUME**      **Page 5 of 9**
**Motion No.  015 016 017**

5 of 9

[* 5]

individuals may have purportedly diverted funds from plaintiff is relevant (and would be apparent in tax returns).

**Discussion**

"A referee's report should be confirmed if its findings are supported by the record" (*Barrett v Toroyan*, 45 AD3d 301, 301, 846 NYS2d 2 [1st Dept 2007]). A careful review of the referee's detailed and excellent report compels the Court to confirm the report in its entirety. The referee was confronted with parties intent on disputing every single discovery request while simultaneously not really addressing the issues at hand. As the referee observed:

> "Unfortunately, with a few specific exceptions such as the discoverability of tax returns and the time period for production, neither side has discussed the relevance, materiality, and proportionality of each of the disputed document requests with any specificity. They have instead expended most of their efforts on disputing the prior history of discovery disputes in this action, which as discussed above (and below) is largely irrelevant, and on accusing each other of bad faith" (NYSCEF Doc. No. 653 at 19).

After a hearing that lasted multiple days, the referee produced a well written report that is fully supported by the record. The Court sees no reason to rehash arguments that have already been raised multiple times in prior motions, at the hearing before the referee, and in the referee's report. In other words, the parties have had ample chances to dispute the instant discovery issues. Rather than go through every single document request yet again, the Court will highlight some of the main issues cited by the parties in their motion papers.

*The Time Period for Disclosure*

The Court finds that the referee identified a rational and logical time period for disclosure to be until December 31, 2017. He noted that "the parties have not pointed me to any caselaw or other legal authority discussing the time period over which financial information such as that sought by Defendants should be discoverable" (*id*. at 23). It is clear that defendants, should they

**151776/2014   PF2 SECURITIES EVALUATIONS, vs. FILLEBEEN, GUILLAUME**          **Page 6 of 9**
**Motion No.  015 016 017**

[* 6]

prevail, will have to elect a remedy. This might include a possible valuation of defendant Fillebeen's shares in plaintiff at some date after his buy-out date in 2012 (*id*.). The referee reasonably decided not to require disclosure of all current information by noting that this case has now been pending for ten years and a reasonable limitation had to be set (*id*. at 21). Notably, the parties wholly failed to offer a reasonable alternative rejected by the referee—plaintiff wants to hand over nothing and defendants want everything without any time limit.

*Tax Returns*

The Court finds that the referee properly limited disclosure of the individual counterclaim defendants (the Phillips brothers)'s tax returns. Specifically, the referee required disclosure "to the extent they reflect any income derived from, or other transactions involving, PF2. The only portions of the returns that must be disclosed are the entries, if any, relating to Gene Phillips' or Robin Phillips' relationship with or income derived from PF2 or from a transaction involving PF2, or any other entries mentioning or referring to PF2. If either Gene Phillips' or Robin Phillips' tax returns from 2013 to 2017 do not contain references to PF2 or income derived from it, then he shall furnish an affidavit to this effect" (*id*. at 29). This reflects an ideal disclosure that balances the sensitive nature of those tax returns while recognizing that they might contain relevant information for defendants.

As defendants observed, there are allegations about fraudulent inducement and the value of plaintiff's shares. They also contend that value was diverted to the individual counterclaim defendants and so it is relevant to the extent that those tax returns show money sent between the Phillips brothers and plaintiff (the corporation they control). Of course, plaintiff and the counterclaim defendants are understandably hesitant to disclose these portions of their tax returns. But plaintiff is a closely held corporation and the parties have decided to litigate about

*inter alia* the value of shares in plaintiff. That necessarily involves the alleged financial situation of the controlling shareholders (the Phillips brothers).

*Client Contacts*

The referee aptly noted with respect to this request that it is both relevant and, apparently, narrower than a prior request on this issue (*id*. at 26-27). The Court sees no reason to disturb this conclusion. Of course, to the extent that plaintiff is worried about the sensitive nature of this information, there is a confidentiality order that should provide more than adequate protection.

**Summary**

The referee aptly summarized the status of this case when he observed that "No one should be proud of a situation in which this 2014 case has celebrated its tenth birthday and the parties have not even completed document discovery, and are still bickering about the meaning of discovery orders issued in 2017 and 2018" (*id*. at 41). It is therefore not a surprise that after making a discovery motion, having that dispute referred to a referee, sitting through multiple days of a hearing and receiving a detailed referee's report that the parties have decided to keep litigating these very same issues. It is also not shocking that in both motions the parties seek to, essentially, confirm the portion of the report that directed their adversary to do something and to reject a directive that they do something.

It is this Court's view that a well-reasoned referee's report drafted after multiple days of a hearing should be confirmed as long as the findings are supported in the record. It is not a chance for the parties to relitigate and rehash arguments before this Court that have already been made many, many times. Otherwise, there would be little purpose to appointing a discovery referee in the first instance. The parties' papers do not cite any glaring issues with the referee's

**151776/2014   PF2 SECURITIES EVALUATIONS, vs. FILLEBEEN, GUILLAUME**             **Page 8 of 9**
**Motion No.  015 016 017**

[* 8]

8 of 9

conclusions. Instead, they express mere disagreements. Therefore, the Court adopts the referee's report in full.

The parties do not have to like the report; they must, however, comply with the directives in the referee's report, including the production of documents (and a *Jackson* affidavit where applicable) on or before April 30, 2025. This Court will then hold a conference on May 29, 2025- that should provide the parties enough time to review the production. The Court expects to set a quick discovery schedule at the next conference that provides for the completion of the remaining discovery in this eleven-year-old case and a date certain to file the note of issue.

Accordingly, it is hereby

ORDERED that motion sequence 015, the motion that precipitated in the appointment of the special referee, is hereby closed in light of the referee's report; and it is further

ORDERED that plaintiff's motion (MS016) and defendants' motion (MS017), both of which sought to confirm in part and reject in part the referee's part is granted only to the extent that the referee's report is confirmed in its entirety and it is further

ORDERED that the parties must fully comply with the directives in the referee's report, including the production of documents (and a *Jackson* affidavits where applicable) on or before April 30, 2025.

Next Conference May 29, 2025 at 10 a.m.

| **3/26/2025** | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | **ARLENE P. BLUTH, J.S.C.** | | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
| | | GRANTED | DENIED | GRANTED IN PART | X | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**151776/2014   PF2 SECURITIES EVALUATIONS, vs. FILLEBEEN, GUILLAUME**           **Page 9 of 9**
**Motion No.  015 016 017**