■ Monica M. Schmidt, Appellant, v Robert A. Schmidt, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals from so much of a judgment of the Supreme Court, Queens County (Rosenzweig, J.), dated December 11, 1989, as, after a nonjury trial, permitted the defendant husband to remain in the first-floor apartment of the marital residence.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Trial courts are vested with considerable discretion in fashioning an appropriate award of possession of marital real property in matrimonial actions. Domestic Relations Law § 234 provides that: "In any action for divorce * * * the court may * * * (2) make such direction, between the parties, concerning the possession of property, as in the court's discretion justice requires having regard to the circumstances of the case and of the respective parties". The trial court's determination to allow the husband to reside in the separate first-floor apartment of the parties' two-family house was not an improvident exercise of discretion based on the facts and circumstances herein. The plaintiff wife was awarded possession of the remainder of the premises.

The testimony offered by the wife's expert was far from compelling. Her social worker-psychotherapist admitted that he had not interviewed either the husband or the children. Therefore, any conclusions as to the potential detriment the children might suffer as a result of the close proximity to their father can only be deemed speculation. Further, this expert detailed the beneficial aspects of the children maintaining a positive and continuing relationship with their father. Even with respect to the wife, the expert stated that the stress she was suffering from would abate within four to five months after the divorce and her need for counseling would likewise diminish. In sum, we find no support for the wife's insistence that her expert conclusively established that the husband's

presence in the first-floor apartment would be damaging either to herself or the children.

Additionally, the wife offered no explanation for her desire that the husband vacate the apartment. Moreover, the husband delineated his financial status, and the expenditures he would be forced to make if he were required to rent a separate apartment at a cost of $650 to $675 monthly together with utility bills and other living expenses. Considering the husband's limited income of approximately $28,000 and his sworn testimony that he would only be able to contribute $120 monthly as child support, if he were compelled to move, as contrasted to his ability to contribute $800 monthly, in addition to the heating bills aggregating $400 monthly in the winter months, if he were permitted to reside in the separate apartment on the first floor with his parents, we find that the court properly considered the financial circumstances of the parties and the needs of the children in fashioning the most equitable remedy under the circumstances presented. Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur.