■ LARRY J. LO MAGLIO, Respondent, v CARMEN M. LO MAGLIO, Appellant. (Appeal No. 1.) [709 NYS2d 762] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied defendant's cross motion to vacate the stipulation of the parties made in open court that resolved the issues of custody and child support and permitted each party to obtain a divorce on the ground of cruel and inhuman treatment. The record does not support the contention of defendant that she entered into the stipulation under duress.

The court did not err in failing to award child support retroactive to the date on which defendant filed a petition in Family Court seeking an order of protection. Defendant did not seek

child support in that petition, and thus she was not entitled to child support prior to the commencement of this action (see, *Greene v Greene*, 90 AD2d 533). Because defendant stipulated during trial of the divorce action that the oldest child of the parties' marriage was emancipated, the court did not err in refusing to modify the judgment to provide child support for that child.

We also reject the contention of defendant that she is entitled to permanent, rather than durational, maintenance. "The amount and duration of maintenance are matters left to the sound discretion of the trial court" (*Wittig v Wittig*, 258 AD2d 883). The record supports the court's determination that defendant has the education and qualifications to enable her to become self-supporting within 18 months, and we perceive no basis to disturb the court's exercise of discretion in awarding durational maintenance for that limited period (see, *Zurek v Zurek*, 255 AD2d 922). However, because defendant's medical condition is likely to be permanent, the court should have directed plaintiff to continue to provide the same level of medical insurance coverage that he provided during the marriage to the extent such coverage is not provided by defendant's employer (see, *Fischer v Fischer*, 199 AD2d 1028). Thus, we modify the judgment accordingly.

We have reviewed defendant's remaining contentions and conclude that they lack merit. (Appeal from Judgment of Supreme Court, Monroe County, Affronti, J.—Matrimonial.) Present—Green, J. P., Hayes, Kehoe and Lawton, JJ.