■ COVANTA NIAGARA, L.P., Respondent-Appellant, v TOWN OF AMHERST, Appellant-Respondent. [894 NYS2d 673]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered February 3, 2009 in an action for breach of contract. The order denied plaintiff's motion for partial summary judgment on the issue of liability and denied defendant's cross motion to dismiss the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the cross motion in part and dismissing those claims in the first cause of action that accrued prior to September 30, 2006 and as modified the order is affirmed without costs.

Memorandum: Plaintiff, a solid waste disposal company, commenced this action seeking damages resulting from the alleged breach by defendant of its contract with plaintiff. The contract had been amended in 1996 to add a price protection clause, pursuant to which the payment rate per ton of waste would be reduced commensurate with any other contract between plaintiff and another municipality in Erie County "on the same

terms and conditions and for the same type of service." In the spring of 2005, defendant unilaterally reduced its monthly payments to plaintiff to equal the payment rate per ton of waste contained in plaintiff's contract with a neighboring town, retroactive to July 2004. Plaintiff thereafter commenced an action against the Town of Amherst Garbage and Refuse District #1 (District) seeking to recover the amount due under the contract from July 2004 through December 2006, when the contract was terminated. The complaint in that action was dismissed on the ground that plaintiff had never filed a notice of claim as required by Town Law § 65 (3) and, in affirming that order on appeal (*Covanta Niagara, L.P. v Town of Amherst Garbage & Refuse Dist. #1*, 49 AD3d 1295 [2008], *lv denied* 10 NY3d 712 [2008]), we rejected plaintiff's contention that a notice of claim was unnecessary, inasmuch as we agreed with Supreme Court that the District and defendant were not separate entities.

Plaintiff subsequently filed a notice of claim on March 21, 2007 and commenced the instant action asserting three causes of action: first, for breach of contract seeking to recover the difference between what defendant actually paid and the contract rate during the time period from July 2004 through December 2006; second, for an account stated seeking to recover the above sum on that theory; and third, a cause of action seeking to recover the difference between what defendant actually paid and the contract rate for services rendered during the time period from August 2006 through December 2006, which, according to plaintiff, is the sixth-month notice of claim period. Plaintiff thereafter moved for partial summary judgment on the issue of liability with respect to the third cause of action, and defendant cross-moved to dismiss the complaint on the grounds that the action was barred by the doctrine of res judicata based on the dismissal of the complaint in the prior action against the District, the action was barred based on plaintiff's failure to file a notice of claim as required by Town Law § 65 (3), and the action was time-barred based on plaintiff's failure to commence the action within the 18-month statute of limitations set forth in that statute. Defendant now appeals from the order insofar as it denied defendant's cross motion, and plaintiff cross-appeals from the order insofar as it denied plaintiff's motion. We conclude that Supreme Court should have granted the cross motion in part and dismissed those claims in the first cause of action that accrued prior to September 30, 2006, and we therefore modify the order accordingly.

Addressing first defendant's cross motion, we note that, "[u]nder the doctrine of res judicata, a disposition on the merits

bars litigation between the same parties or those in privity with them of a cause of action arising out of the same transaction or series of transactions" (*Barbieri v Bridge Funding*, 5 AD3d 414, 415 [2004]; *see Matter of Hunter*, 4 NY3d 260, 269 [2005]; *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). The court erred in determining that res judicata does not apply because the defendant in the first action was the District, and not defendant. In affirming the order in the prior appeal in this case, we agreed with Supreme Court that defendant is in privity with the District (*see generally Buechel v Bain*, 97 NY2d 295, 303-305 [2001], *cert denied* 535 US 1096 [2002]; *Goldstein v Massachusetts Mut. Life Ins. Co.*, 32 AD3d 821 [2006]). Nevertheless, we conclude that, although the court's prior dismissal of the complaint in the action against the District was a final determination of the action for purposes of the doctrine of res judicata (*see Smith v Russell Sage Coll.*, 54 NY2d 185, 194 [1981], *rearg denied* 55 NY2d 878 [1982]), plaintiff in fact filed a notice of claim on March 21, 2007, and thus that dismissal was final only with respect to those claims that accrued prior to the six-month notice of claim period, i.e., prior to September 21, 2006. Thus, the court should have granted the cross motion on res judicata grounds with respect to those claims in the first cause of action that accrued prior to the six-month period.

In addition, defendant was entitled to dismissal of those claims in the first cause of action relating to services rendered by plaintiff prior to August 2006 based on plaintiff's failure to file a notice of claim. The notice of claim requirement is a prerequisite for maintaining a contract action against defendant and requires dismissal of any claim accruing outside the notice of claim period (*see Mohl v Town of Riverhead*, 62 AD3d 969 [2009]; *Whalen v Reisman*, 298 AD2d 455 [2002]). A cause of action for breach of contract accrues when the plaintiff has the right to make a demand for payment (*see* CPLR 206 [a]; *Kuo v Wall St. Mtge. Bankers, Ltd.*, 65 AD3d 1089, 1090 [2009]; *Swift v New York Med. Coll.*, 25 AD3d 686, 687 [2006]; *Town Bd. of Town of New Castle v Meehan*, 226 AD2d 702 [1996], *lv denied* 88 NY2d 811 [1996]), which in this case was 30 days after defendant received plaintiff's respective invoices, pursuant to the terms of the contract. We further note, however, that none of the claims in the second and third causes of action accrued outside the six-month notice of claim period, and thus the court properly denied those parts of defendant's cross motion based on plaintiff's failure to file a notice of claim with respect to those two causes of action.

We further conclude that the court erred in denying defend-

ant's cross motion with respect to those claims in the first cause of action that accrued prior to September 30, 2006 based on plaintiff's failure to commence the action within the 18-month statute of limitations set forth in Town Law § 65 (3). The action was commenced with the filing of the summons on March 31, 2008. Thus, plaintiff was time-barred from pursuing claims in the first cause of action that accrued prior to September 30, 2006 on that ground.

Finally, we conclude that the court properly denied plaintiff's motion for partial summary judgment on liability with respect to the third cause of action. Plaintiff failed to establish its entitlement to summary judgment by failing to "show that there is no defense to the cause of action or that the . . . defense has no merit" (CPLR 3212 [b]; *see Executive Sec. Corp. v Gray*, 67 AD2d 860, 861 [1979]). Plaintiff addressed the defense for the first time in its reply affidavit submitted in response to defendant's opposing papers, and the court therefore properly refused to consider plaintiff's reply affidavit when determining the sufficiency of the motion for partial summary judgment (*see Korthas v U.S. Foodservice, Inc.*, 61 AD3d 1407, 1408 [2009]; *Walter v United Parcel Serv., Inc.*, 56 AD3d 1187, 1188 [2008]). Thus, plaintiff's motion was properly denied, regardless of the sufficiency of defendant's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Present—Scudder, P.J., Smith, Peradotto, Green and Gorski, JJ.