■ In the Matter of FRANK CUDAR, Appellant, v ELIZABETH O'SHEA et al., Respondents. [912 NYS2d 275]—

In a holdover proceeding, the petitioner appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts entered June 25, 2009, which reversed a judgment of the Civil Court of the City of New York, Richmond County (Mundy, J.), dated January 14, 2008, which, after a nonjury trial, was in favor of the petitioner, inter alia, awarding him possession of the subject premises, and thereupon denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

The petitioner resided in the subject rent-controlled apartment since 1960, and Elizabeth O'Shea (hereinafter Elizabeth) moved into the premises with the petitioner when they married in 1969. In 1988, Elizabeth's son, Kevin O'Shea, moved into the premises with the petitioner and Elizabeth. Elizabeth and her son (hereinafter together the respondents) continuously occupied the premises, along with the petitioner, until August 2004. In August 2004, the petitioner was required to vacate the premises by court order after he was arrested and subsequently convicted of harassment in the second degree and criminal possession of a weapon in the fourth degree. An order of protection dated February 1, 2006, required the petitioner to stay away from Elizabeth until January 31, 2009.

Subsequently, the petitioner and Elizabeth were divorced by judgment entered in December 2006. The judgment of divorce and an oral stipulation incorporated into the judgment of divorce did not address the issue of who was entitled to possession of the former marital residence.

In April 2007, the petitioner commenced the instant residential holdover proceeding to evict the respondents from the subject premises, alleging that he was the prime tenant of the subject premises, that Elizabeth was his subtenant, and that Elizabeth's son was an undertenant of Elizabeth. The petition also alleged that Elizabeth entered into possession of the subject premises pursuant to a verbal agreement, and remained in possession after the agreement expired on March 31, 2007.

At a nonjury trial, it was established that there was no landlord-tenant relationship between the petitioner and Elizabeth (see Cudar v O'Shea, 24 Misc 3d 129[A], 2009 NY Slip Op 51337[U] [2009]). Nevertheless, the Civil Court of the City of New York, Richmond County, awarded the petitioner a final judgment of possession. On appeal, the Appellate Term for the Second, Eleventh, and Thirteenth Judicial Districts correctly reversed the judgment, denied the petition, and dismissed the proceeding.

The petitioner was not entitled to relief in this holdover proceeding, since there was no landlord-tenant relationship.

We decide no other issue. Rivera, J.P., Covello, Santucci and Sgroi, JJ., concur.