OPINION OF THE COURT
Leventhal, J.
The principal issue raised on this appeal is whether the subject former marital residence — a rental apartment subject to rent control — constitutes either marital or separate property pursuant to the Domestic Relations Law, or neither separate property nor marital property. For the reasons discussed below, we conclude that the leasehold constituting the former marital residence is not property distributable pursuant to Domestic Relations Law § 236 (B) (1). In addition, we are required to *29 determine whether the Supreme Court has the authority to decide which party in a matrimonial action is entitled to possess nondistributable property. We answer this question in the affirmative.
The defendant, Frank Cudar, resided in the subject rent-controlled apartment[1] (hereinafter the apartment), located in Richmond County, commencing in 1960. In 1969 the plaintiff, Elizabeth Cudar (née O’Shea, now again known as Elizabeth O’Shea), moved into the apartment when the parties were married. The parties resided together in the apartment until August 2004, when the defendant was required to vacate the premises by court order after he was arrested and subsequently convicted of harassment in the second degree and criminal possession of a weapon in the fourth degree. A final order of protection issued by the Criminal Court, and dated February 1, 2006, required the defendant to stay away from the plaintiff until January 31, 2009. Since 2004, the plaintiff has continued to reside in the apartment and to pay the rent. After the expiration of the final order of protection, the defendant voluntarily absented himself from the apartment.
In the course of this matrimonial action, but prior to the finalization of the divorce, the defendant specifically requested the Supreme Court to make a determination as to which party was entitled to possession of the apartment. In response, the Supreme Court concluded that, since the apartment leasehold was not a marital asset, it lacked the authority to make a determination as to the possession of the apartment. The Supreme Court indicated that the resolution of that issue could be made in a landlord-tenant proceeding.
Thereafter, the parties were divorced by judgment entered on December 21, 2006. Neither the judgment of divorce, nor an oral stipulation made on the record in open court, which was incorporated into the judgment of divorce, addressed the issue *30 of who was entitled to possession of the apartment or ownership of the apartment leasehold.
Meanwhile, in April 2007, the defendant commenced a summary holdover proceeding against the plaintiff and her son in the Civil Court to evict them from the apartment (hereinafter the holdover proceeding). On an appeal in the holdover proceeding, this Court, by decision and order dated November 30, 2010, held that there was no landlord-tenant relationship between the defendant and the plaintiff and, thus, the defendant was not entitled to a judgment of possession (see Matter of Cudar v O’Shea, 78 AD3d 1177 [2010]).
In January 2011 the defendant moved by order to show cause in this matrimonial action, inter alia, in effect, for a determination that the leasehold interest in the former marital residence was his separate property, and for an award of sole possession of the apartment. The defendant, who was 71 years old at the time he made the motion, asserted that the apartment was not marital property, and that the plaintiff had improperly refused to allow him to return to the apartment. In opposition, the plaintiff, who was 78 years old at the time of the motion, contended that the defendant’s motion with respect to the apartment was barred by the doctrines of collateral estoppel and res judicata.
In the order appealed from, the Supreme Court, among other things, denied those branches of the defendant’s motion which were, in effect, for a determination that the apartment constituted his separate property and for an award of sole possession of the apartment. The Supreme Court indicated that the defendant’s contentions could no longer be considered and that it could not award the defendant sole possession of the apartment in light of the decision and order of this Court in the holdover proceeding.
On appeal, the defendant argues that he is entitled to a determination deeming the apartment leasehold to be his separate property, evicting the plaintiff from the apartment, and awarding him sole possession of the apartment. He notes that, prior to the divorce, the Supreme Court either implied or indicated that the apartment leasehold was his separate property, but failed to include that determination in the judgment of divorce as required by Domestic Relations Law § 236 (B) (5) (g). The defendant requests that this Court grant the relief he seeks or, in the alternative, that the matter be remitted to the Supreme Court for the award of that relief.
The plaintiff responds that while the defendant is the “tenant of record of the apartment,” since the parties elected not to *31 litígate the issue of the occupancy of the apartment in connection with either the stipulation of settlement or the judgment of divorce, the principles of res judicata and collateral estoppel required a denial of the defendant’s motion as it related to the apartment. The plaintiff also argues that there are issues as to whether the defendant’s right to occupy the apartment has been vitiated by his objectionable conduct against her.
The Defendant’s Contentions Are Not Barred
Initially, the defendant’s arguments are not barred by the doctrine of collateral estoppel or res judicata.
“[F]or collateral estoppel to apply . . . three criteria must be met: (1) the issue must actually have been litigated and determined by a valid and final judgment in a separate action, (2) that determination must have been essential to the judgment and (3) either the party to be precluded had a full and fair opportunity to litigate the issue in the prior proceeding or other circumstances do not justify affording him an opportunity to relitigate it” (Braunstein v Braunstein, 114 AD2d 46, 52-53 [1985] [internal quotation marks and emphasis omitted] [concluding that collateral estoppel did not preclude the granting of a distributive award, because the issue of equitable distribution “was never raised by either party nor did the (Swedish) court resolve or allude to that issue in the final divorce decree”]; see Nikrooz v Nikrooz, 167 AD2d 334, 334-335 [1990]; see also Lester v New York State Off. of Parks Recreation, & Historic Preserv., 87 AD3d 561 [2011]).
“Res judicata serves to preclude the renewal of issues actually litigated and resolved in a prior proceeding as well as claims for different relief which arise out of the same ‘factual grouping’ or ‘transaction’, and which should have or could have been resolved in the prior proceeding” (Braunstein v Braunstein, 114 AD2d at 53 [emphasis added]; see Union St. Tower, LLC v Richmond, 84 AD3d 784, 785 [2011]). Indeed, in the context of a matrimonial action, the Court of Appeals has “recognized that a final judgment of divorce settles the parties’ rights pertaining not only to those issues that were actually litigated, but also to those that could have been litigated” (Xiao Yang Chen v Fischer, 6 NY3d 94, 100 [2005]).
There is no merit to the Supreme Court’s determination that collateral estoppel or res judicata bars that branch of the de *32 fendant’s motion which was for an award of sole possession of the apartment. In the course of the matrimonial action, the Supreme Court expressly stated that it had no authority to decide who was to possess the apartment. The Supreme Court suggested that a determination as to the possession of the apartment would have to be made in the Housing Part of the Civil Court. Under these circumstances, since the issue of the possession of the apartment was raised by the defendant, and the Supreme Court stated that it could not decide which party was entitled to the apartment, neither collateral estoppel nor res judicata can bar the defendant’s instant contention with respect to possession of the apartment (see Frischknecht v Novaes, 85 AD3d 722 [2011] [where parties obtained a divorce in Brazil, the plaintiffs claim, in a second action in New York, for the distribution of the marital residence and other assets was not barred by the doctrines of res judicata and collateral estoppel, since the Brazilian court expressly declined to adjudicate the issue after it was raised by the parties]).
Classification of the Apartment
We now turn to the defendant’s contention that the apartment leasehold should have been deemed his separate property by the Supreme Court. The defendant argues that since the Supreme Court stated that the apartment leasehold was not marital property, it must have determined that the apartment leasehold was his separate property. Similarly, the defendant contends that because he resided in the rent-controlled apartment prior to the marriage, the apartment leasehold is his separate property and, therefore, cannot be marital property and cannot be subject to equitable distribution.
Section 236 of the Domestic Relations Law provides, in relevant part, that “[e]xcept where the parties have provided in an agreement for the disposition of their property . . . the court, in an action wherein all or part of the relief granted is divorce . . . shall determine the respective rights of the parties in their separate or marital property, and shall provide for the disposition thereof in the final judgment” (Domestic Relations Law § 236 [B] [5] [a]).
Domestic Relations Law § 236 (B) (1) (c) defines marital property as “all property acquired by either or both spouses during the marriage and before . . . the commencement of a matrimonial action, regardless of the form in which title is held” (emphasis added). “The definition of marital property ‘should *33 be construed broadly in order to give effect to the “economic partnership” concept of the marriage relationship recognized in the statute’ ” (Mesholam v Mesholam, 11 NY3d 24, 28 [2008], quoting Price v Price, 69 NY2d 8, 15 [1986]).
Separate property, on the other hand, is defined, in part, as “property acquired before marriage or property acquired by bequest, devise, or descent, or gift from a party other than the spouse” (Domestic Relations Law § 236 [B] [1] [d] [1]). Separate property is required to remain separate for the purposes of equitable distribution (see Domestic Relations Law § 236 [B] [5] [b]).
“The Domestic Relations Law and its equitable distribution regime are complex, interlocking statutory frameworks” (Anglin v Anglin, 80 NY2d 553, 555 [1992]). In order to interpret these statutes, the courts are required to “harmonize the various provisions . . . and to construe them in a way that renders them internally compatible” (Matter of Aaron J., 80 NY2d 402, 407 [1992]).
The central issue for our consideration is whether the apartment leasehold can be defined as distributable property for purposes of equitable distribution. This issue is one of first impression for the Appellate Division, Second Department. However, as detailed below, other courts in this state have addressed similar situations, and we find those decisions instructive.
In Fedoff v Fedoff (41 AD3d 114 [2007]), the Appellate Division, First Department, considered a motion by a former husband for a declaration that the leasehold referable to the parties’ marital residence, a rent-stabilized apartment, was subject to equitable distribution. In affirming the order denying the motion, the First Department stated, “[w]here, as here, there is no expectation that a rental apartment will be converted into a condominium or cooperative, it is not distributable property, and therefore need not be appraised” (id. at 114 [citation omitted]).
The Court in Fedoff relied upon Pulitzer v Pulitzer (134 AD2d 84 [1988]), another decision of the First Department in a matrimonial action, in which the marital residence was a rent-stabilized apartment on Park Avenue in Manhattan. In 1983, approximately nine months after the action for a divorce was commenced, an amended plan to convert the apartment to cooperative ownership was filed with the Attorney General, with the offering price designated as $74,910. The wife did not advise the *34 husband of the opportunity to purchase the shares referable to the apartment, and she assigned her right to purchase the shares to her parents who, in turn, consummated the purchase. After trial, the Supreme Court, inter alia, concluded that the relevant shares in the residential cooperative housing corporation were marital assets, and awarded the husband a credit for 50% of the value of the shares as of the date of the assignment.
The First Department modified, explaining that the “cooperative apartment in Manhattan was not marital property since neither the wife nor the husband held any valuable property rights with respect to the apartment” (Pulitzer v Pulitzer, 134 AD2d at 88). The Court reasoned that the shares and proprietary leasehold referable to the apartment did not fit within the definition of marital property because they were not acquired by the parties during the marriage, and that the shares and leasehold did not fit within the definition of separate property because they were not acquired by the parties prior to the marriage.
In addition to Fedoff and Pulitzer, in S.A. v K.F. (22 Misc 3d 1115[A], 2009 NY Slip Op 50141 [U] [2009]), the Supreme Court, Kings County, also determined that equitable distribution was inapplicable to a former marital residence, a rental apartment, because the apartment was not owned by the parties. Similarly, in Schwimmer v Schwimmer (26 Misc 3d 1213[A], 2009 NY Slip Op 52716[U] [2009]), the Supreme Court, New York County, denied a husband’s application for an appraisal of the marital residence on the ground that there was no evidence that a conversion of the rental apartment into a cooperative apartment or condominium unit was imminent.
Lastly, in Cenci v Cenci (see Kohn, Wife Granted Controlled Unit in Novel Ruling, NYLJ, Nov. 24, 1989, at 25, col 1), the Supreme Court, Kings County, was presented with a fact pattern similar to the one under our review. Cenci involved an action for a divorce and ancillary relief in which the husband resided in a rent-controlled apartment prior to the marriage, and the wife moved into the apartment only after the marriage. The husband was the tenant of record. During the pendency of the action, each party sought to remain in the apartment. The husband asserted that the apartment leasehold was his separate property and, alternatively, argued that the leasehold had no value and could not be distributed in a divorce action. The wife argued that her contributions to the marriage had made the apartment leasehold marital property, or, if the apartment *35 leasehold were deemed to be the husband’s separate property, that she was entitled to the appreciation in the value of the leasehold.
The Supreme Court in Cenci found that the apartment leasehold “had no value,” but disagreed with the husband’s contention that the wife had no rights to remain in the apartment because her name did not appear on the lease (id. at 25). The Supreme Court concluded that even though the apartment leasehold was not readily distributable under the equitable distribution statute, the court could determine which party should retain possession of the apartment pursuant to Domestic Relations Law § 234, which permits courts to make directions concerning the possession of property. Ultimately, the Supreme Court found that the financial position of the parties and the wife’s custody of the parties’ son warranted the award of possession of the apartment to the wife.
We find the interpretation of the equitable distribution law with respect to rental apartments in the above-cited cases to be persuasive. The crucial issue in deciding whether property is separate or marital is the date on which such property is acquired, i.e., either before or during the marriage (see Domestic Relations Law § 236 [B] [5]; cf. Commodity Futures Trading Commn. v Walsh, 17 NY3d 162,172 [2011] [the term “acquired” merely means that a person gained possession]). We hold that obtaining a leasehold interest to use and occupy an apartment, regardless of when the interest is created, does not constitute an acquisition of property pursuant to the Domestic Relations Law. We are cognizant that rent-controlled apartments are relatively scarce in New York City and, considering the favorable rental rates, the limitations on evictions, and the succession rights to qualified family members, rent-controlled tenants reap tangible benefits.[2] However, this does not alter our determination. A leasehold interest in a rental apartment, even one subject to the rent control law, which is not expected to be converted into a form of ownership such as a cooperative, is neither marital nor separate property as defined by the Domestic Relations Law. Consequently, the apartment leasehold cannot be classified as the defendant’s separate property. Accordingly, the Supreme Court correctly denied that branch of the defendant’s motion which, in effect, sought a determination that the apartment leasehold was his separate property.
*36 Possession of the Apartment
We now turn to that branch of the defendant’s motion which was, in effect, for an award of sole possession of the apartment. While the apartment leasehold is not distributable pursuant to the equitable distribution provisions of the Domestic Relations Law, the Supreme Court has the discretion to fashion an appropriate award as to the possession of property not subject to equitable distribution (see generally Schmidt v Schmidt, 184 AD2d 629 [1992]). In this regard, Domestic Relations Law § 234, entitled “Title to or occupancy and possession of property,” specifically permits a court in an action for a divorce to “make such direction, between the parties, concerning the possession of property, as in the court’s discretion justice requires having regard to the circumstances of the case and of the respective parties” (Domestic Relations Law § 234 [2]). As a result, “[t]he court may, under [Domestic Relations Law] § 234, award possession of virtually eveiy kind of property to one party or the other, even if legal title to the property cannot be similarly transferred” (Scheinkman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law C234:3).
For example, in S.A. v K.F. (22 Misc 3d 1115[A], 2009 NY Slip Op 50141[U] [2009]), an action for a divorce and ancillary relief, the marital residence was a rental apartment. The lease was in the name of both parties. In September 2000 a temporary order of protection was issued against the husband and in favor of the wife and, in January 2001, the husband was formally excluded from the apartment (2009 NY Slip Op 50141[U], *11). The Supreme Court determined that, although the apartment leasehold was not marital property subject to equitable distribution, the wife would be awarded sole possession of the apartment. The Supreme Court noted that the husband was excluded from the apartment because of his violent acts, the divorce was granted based upon those acts, the wife was the sole occupant of the apartment for eight years, and the wife had paid the rent during that time. The Supreme Court further noted that the husband did not voluntarily leave the home, but concluded that it would be inappropriate to “uproot” the wife (2009 NY Slip Op 50141[U], *22).
We agree with the assessment by the Supreme Court in S.A. v K.F. of its powers under Domestic Relations Law § 234. We, therefore, conclude that, in the instant matter, the Supreme Court was authorized, contrary to its averments in the record, to exercise its discretion and award possession of the apartment *37 to either the plaintiff or the defendant (cf. Goldberg v Goldberg, 172 AD2d 316, 317 [1991] [concluding, in an action for a divorce and ancillary relief, that the trial court properly determined that the plaintiff wife was “entitled to exclusive possession of the marital rental apartment. . . and the rights thereto”]).
Accordingly, the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant’s motion which was, in effect, for an award of sole possession of the former marital residence and, as so modified, the order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings on that branch of the motion which was, in effect, for an award of sole possession of the marital residence, and a new determination of that branch of the motion thereafter pursuant to Domestic Relations Law § 234.
Rivera, J.P., Belen and Roman, JJ., concur.
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant’s motion which was, in effect, for an award of sole possession of the former marital residence; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings on that branch of the motion which was, in effect, for an award of sole possession of the former marital residence, and a new determination on that branch of the motion thereafter pursuant to Domestic Relations Law §234.

. Rent control refers to the rent regulation program which dates back to the housing shortage immediately following World War II and which was enacted to address a serious public emergency created by an acute shortage in dwellings and abnormal increases in rents (see Braschi v Stahl Assoc. Co., 74 NY2d 201, 208 [1989]; New York State Division of Housing and Community Renewal Fact Sheet #1, http://nysdhcr.gov/Rent/FactSheets/orafacl.htm [accessed May 29, 2012]). Currently, the Division of Housing and Community Renewal is the administrator of rent control and promulgated Rent Stabilization Code (9 NYCRR) §§ 2520.1 through 2531.9. In addition, the rent control law is codified at New York City Rent and Rehabilitation Law (Administrative Code of City of NY) §§ 26-401 through 26-415.

. See generally 9 NYCRR 2202.1, 2204.4, 2204.6; Administrative Code of City of NY §§ 26-403, 26-408; Braschi v Stahl Assoc. Co., 74 NY2d 201 (1989).