# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**142**

**CA 12-01317**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

LARRY J. LOMAGLIO, PLAINTIFF-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

CARMEN M. LOMAGLIO, DEFENDANT-APPELLANT.

---

RICHARD S. LEVIN, WEBSTER, FOR DEFENDANT-APPELLANT.

THE ODORISI LAW FIRM, EAST ROCHESTER (TERRENCE BROWN-STEINER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Richard A. Dollinger, A.J.), entered March 5, 2012. The order, insofar as appealed from, denied the motion of defendant for an order finding plaintiff in contempt and directing plaintiff to provide defendant with medical insurance coverage and granted that part of the cross motion of plaintiff to terminate his obligation to provide defendant with medical insurance coverage.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, that part of plaintiff's cross motion seeking an order terminating his obligation to provide defendant with the same level of medical insurance coverage that he provided during the marriage is denied, that part of defendant's motion seeking an order directing plaintiff to provide defendant with that medical insurance coverage is granted, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following Memorandum: In this post-divorce action, defendant wife moved by order to show cause for, inter alia, a determination that plaintiff husband is in contempt for failing to comply with a prior order of this Court (prior order) and for an order directing plaintiff to provide her with continued medical insurance coverage in accordance with the prior order (*see Lo Maglio v Lo Maglio*, 273 AD2d 823, *appeal dismissed* 95 NY2d 926). Plaintiff cross-moved for an order terminating his obligation to pay for defendant's medical insurance pursuant to Domestic Relations Law § 236 (B) (8) (a) and awarding him attorney's fees. Defendant contends on appeal that Supreme Court erred in denying her motion and in granting that part of plaintiff's cross motion seeking to terminate his obligation to provide defendant with medical insurance coverage.

We agree with defendant that the court erred in terminating plaintiff's obligation to provide her with medical insurance coverage inasmuch as our prior order requires plaintiff to provide her with

that coverage.  As a general rule, the doctrine of res judicata bars relitigation of previously adjudicated disputes "even where further investigation of the law or facts indicates that the controversy has been erroneously decided, whether due to oversight by the parties or error by the courts" (*Matter of Reilly v Reid*, 45 NY2d 24, 28; *see Matter of Allstate Ins. Co. v Williams*, 29 AD3d 688, 690).  As relevant here, "a final judgment of divorce settles the parties' rights pertaining not only to those issues that were actually litigated, but also to those that could have been litigated" (*Xiao Yang Chen v Fischer*, 6 NY3d 94, 100; *see Rainbow v Swisher*, 72 NY2d 106, 110; *Cudar v Cudar*, 98 AD3d 27, 31; *see generally Boronow v Boronow*, 71 NY2d 284, 286, 290-291).  "[A]bsent unusual circumstances or explicit statutory authorization, the provisions of [such a] judgment are final and binding on the parties, and may be modified only upon direct challenge" (*Rainbow*, 72 NY2d at 110).  Here, plaintiff did not take an appeal from our prior order, seek reargument of that order, or make a proper application to modify it.  He is therefore foreclosed from collaterally attacking it in the context of this action (*see Jeannotte v Jeannotte*, 235 AD2d 711, 714; *Lippman v Lippman*, 204 AD2d 1057, 1057-1058; *see generally Cohen v Kinzler*, 222 AD2d 393, 394, *lv denied* 88 NY2d 802).

We therefore reverse the order insofar as appealed from, deny that part of plaintiff's cross motion seeking an order terminating his obligation to provide defendant with the same level of medical insurance coverage that he provided during the marriage, grant that part of defendant's motion seeking an order directing plaintiff to provide defendant with that medical insurance coverage, and remit the matter to Supreme Court for further proceedings on the remaining relief requested in defendant's motion.

Entered:  March 15, 2013                              Frances E. Cafarell
                                                      Clerk of the Court