# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**757**
**CA 14-02297**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

LARRY J. LOMAGLIO,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                    MEMORANDUM AND ORDER

CARMEN M. LOMAGLIO,
DEFENDANT-APPELLANT-RESPONDENT.

---

RICHARD S. LEVIN, WEBSTER, FOR DEFENDANT-APPELLANT-RESPONDENT.

THE ODORISI LAW FIRM, EAST ROCHESTER (TERRENCE C. BROWN-STEINER OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

-------------------------------------------------------------------------------

Appeal and cross appeal from an order of the Supreme Court, Monroe County (Richard A. Dollinger, A.J.), entered June 10, 2014. The order, among other things, denied that part of defendant's motion seeking to hold plaintiff in contempt.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the second and fourth ordering paragraphs and granting defendant's motion to the extent that plaintiff is directed to pay the costs associated with a Medicare Advantage plan for defendant, as agreed upon by the parties, until the death of either party except during such time as defendant obtains employment with health benefits or until such time as she remarries, and as modified the order is affirmed without costs.

Memorandum:  In this post-divorce action, defendant moved for an order seeking, inter alia, to hold plaintiff in contempt for failing to provide medical insurance coverage that was previously ordered by this Court (*LoMaglio v LoMaglio*, 104 AD3d 1182, 1183-1184; *Lo Maglio v Lo Maglio*, 273 AD2d 823, 824, *appeal dismissed* 95 NY2d 926).  After a hearing upon our remittal for, inter alia, a determination of the level of health insurance coverage the parties had during the marriage, Supreme Court denied defendant's motion except to the extent that it directed plaintiff to pay some of defendant's counsel fees and costs.  Defendant appeals and plaintiff cross-appeals.

Contrary to defendant's contention, we agree with plaintiff that the court properly determined that he should not be held in contempt because defendant failed to prove by " 'clear and convincing evidence' " that plaintiff " 'violated a clear and unequivocal mandate of the [C]ourt' " to provide medical insurance coverage at the same level that he provided during the marriage because defendant failed to

establish what that specific level of medical insurance coverage was (*Belkhir v Amrane-Belkhir*, 128 AD3d 1382, 1382). We also agree with plaintiff that the court properly determined that defendant failed to prove by a "preponderance of the evidence," as required by the terms of the stipulation made by the parties prior to the hearing, the extent and nature of the unreimbursed medical expenses incurred by her after 2008. We likewise reject defendant's further contention that the trial court, " 'upon . . . remittitur, . . . [erred in failing] to obey the mandate of the higher court, and render judgment in conformity therewith' " (*Wiener v Wiener*, 10 AD3d 362, 363). The record establishes that the court, in its written decision following the hearing, properly acknowledged its obligation to direct plaintiff to pay for medical insurance coverage as we directed upon remittal, but further explained that it lacked the evidence to direct plaintiff to pay a specific amount. Indeed, we recognize that, as a result of defendant's failure to prove the level of health insurance coverage that the parties had during the marriage, the court was unable to implement our prior order.

Nevertheless, our prior decision remains the law of the case, and we decline to disturb that decision (*see generally Cluff v Day*, 141 NY 580, 582-583). Plaintiff correctly contends that, because defendant is receiving Medicare, he is not obligated pursuant to our prior order to provide defendant with "double coverage," i.e., a medical insurance policy. Rather, plaintiff must pay the costs necessary to supplement defendant's Medicare coverage. We therefore modify the order by directing plaintiff to pay the costs associated with a Medicare Advantage plan as agreed upon by the parties. Inasmuch as we required plaintiff to provide medical insurance coverage because of the permanent nature of defendant's medical condition (*LoMaglio*, 273 AD2d at 824), we further conclude that plaintiff's obligation shall continue until the death of either party, except during any period in which defendant has employment with health insurance benefits, or until such time as she remarries. We therefore further modify the order accordingly.

We have considered the remaining contentions of the parties and conclude that they are without merit.

Entered: August 19, 2015                    Frances E. Cafarell
                                            Clerk of the Court