Posner v Posner (2018 NY Slip Op 05508)





Posner v Posner


2018 NY Slip Op 05508


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2014-04207
2017-00027
 (Index No. 6845/08)

[*1]Erin Lewis Posner, respondent, 
v
Ronald Bruce Posner, appellant.


Mischel & Horn, P.C., New York, NY (Scott T. Horn and Naomi M. Taub of counsel), for appellant.
Cohen Clair Lans Greifer Thorpe & Rottenstreich LLP, New York, NY (Howard P. Roy of counsel), for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Westchester County (Francis A. Nicolai, J.), entered March 28, 2014, and a judgment of the same court (Janet C. Malone, J.), entered September 27, 2016. The order, insofar as appealed from, granted the plaintiff's motion for an award of attorney's fees and set the matter down for a hearing on the amount of attorney's fees to be awarded. The judgment, after a hearing, awarded the plaintiff attorney's fees in the sum of $224,287.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a]).
The parties were divorced pursuant to a judgment of divorce dated July 20, 2010. The judgment incorporated, but did not merge, the parties' stipulation of settlement, dated March 17, 2010 (hereinafter the 2010 stipulation of settlement). The 2010 stipulation of settlement provided, as relevant here, that where one of the parties commences litigation to enforce it, and that litigation does not "result in a judgment or order in favor of the party" who commenced the litigation, that party shall reimburse the other party for any and all expenses, including attorney's fees. In 2011, the defendant commenced litigation in the Family Court to enforce certain provisions of the 2010 Stipulation of Settlement, as incorporated into the judgment of divorce. Thereafter, the plaintiff filed a contempt motion under a separate docket number. After eight days of trial over nine months, the parties agreed to withdraw their respective petitions with prejudice. The parties nevertheless "reserve[d] all other rights provided for" in the 2010 stipulation of settlement.
In January 2014, the plaintiff filed a motion in the Supreme Court seeking an award of attorney's fees pursuant to the parties' 2010 stipulation of settlement, as incorporated into the judgment of divorce, relative to the 2011 Family Court litigation. In an order entered March 28, 2014, the Supreme Court granted the plaintiff's motion to the extent of finding that the plaintiff was entitled to an award of attorney's fees and set the matter down for a hearing as to the appropriate amount. In a judgment entered September 27, 2016, after a hearing, the plaintiff was awarded attorney's fees in the sum of $224,287. The defendant appeals. We affirm.
Stipulations of settlement, especially open court stipulations, are favored by the courts and not lightly cast aside (see McClorey v McClorey, 153 AD3d 1252, 1253-1254). "Litigants should bear in mind that a stipulation of settlement limiting the issues, discontinuing a cause of action, or withdrawing a claim is an agreement to which the courts are party and in the enforcement of which the courts have a particular interest" (Matter of Hofmann, 287 AD2d 119, 122). Here, as the Supreme Court recognized, because the defendant's 2011 enforcement proceeding did not "result in a judgment or order in favor of the party bringing such suit or proceeding," the defendant was obligated under the terms of the 2010 stipulation of settlement to reimburse the plaintiff's attorney's fees. The defendant's contentions to the contrary are without merit, as is the defendant's contention that the plaintiff is barred by principles of res judicata from seeking reimbursement of her attorney's fees. The Family Court did not rule against the plaintiff on the matter of attorney's fees, but simply declined to address the issue (see Cudar v Cudar, 98 AD3d 27, 31-32; cf. LoMaglio v LoMaglio, 104 AD3d 1182, 1183). Accordingly, the plaintiff was not barred from seeking relief in the Supreme Court (see Cudar v Cudar, 98 AD3d at 31-32).
BALKIN, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court