Phillips v Burgio & Campofelice, Inc. (2020 NY Slip Op 01831)





Phillips v Burgio & Campofelice, Inc.


2020 NY Slip Op 01831


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1292 CA 19-00847

[*1]CHARLES PHILLIPS, PLAINTIFF-APPELLANT,
v
BURGIO & CAMPOFELICE, INC., DEFENDANT-RESPONDENT. 






DOLCE PANEPINTO, P.C., BUFFALO (SEAN E. COONEY OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
GOLDBERG SEGALLA LLP, BUFFALO (KENNETH L. BOSTICK, JR., OF COUNSEL), FOR DEFENDANT-RESPONDENT.


 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered April 25, 2019. The order, among other things, granted defendant's motion for, inter alia, partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the Labor Law § 240 (1) cause of action and the Labor Law § 241 (6) cause of action except insofar as it is premised on the alleged violation of 12 NYCRR 23-3.3 (b) (3) and as modified the order is affirmed without costs.
Memorandum: Plaintiff was allegedly injured while working for a subcontractor on a demolition and abatement project at property owned by the State of New York (State). Burgio & Campofelice, Inc. (defendant) was the general contractor on the project. Plaintiff pursued an action against the State in the Court of Claims and commenced this action against defendant in Supreme Court. In each action, plaintiff asserted causes of action for violations of Labor Law §§ 200, 240 (1) and 241 (6) as well as for common-law negligence. Due to the fact that the notice of intention to file a claim in the State action was indisputably untimely (see Court of Claims Act § 10 [3]), plaintiff filed an application seeking permission to file a late claim against the State (see § 10 [6]). The Court of Claims denied that application, determining that plaintiff had "failed to demonstrate the merit" of the Labor Law § 240 (1) cause of action, the Labor Law § 241 (6) cause of action insofar as it was predicated on a violation of 12 NYCRR 23-3.3 (b) (3), and the claims based on an allegation of a dangerous or defective condition on the premises.
Relying on the decision and order of the Court of Claims, defendant filed a motion seeking an order granting defendant leave to amend its answer to assert the affirmative defenses of res judicata and collateral estoppel, granting defendant partial summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action on those grounds, and precluding plaintiff from contending that a dangerous or defective condition existed on the premises at the time of his accident. Supreme Court granted defendant's motion. Plaintiff appeals.
Following entry of the court's order granting defendant's motion, we modified the order of the Court of Claims by granting plaintiff's application insofar as it sought permission to file a late claim asserting a Labor Law § 240 (1) cause of action based on our determination that the proposed section 240 (1) cause of action appeared to have merit (Phillips v State of New York, 179 AD3d 1497, 1499 [4th Dept 2020] [Phillips I]).
It is well established that "a vacated judgment has no preclusive force either as a matter of collateral or direct estoppel or as a matter of the law of the case" (Micro-Link, LLC v Town of Amherst, 155 AD3d 1638, 1640 [4th Dept 2017] [internal quotation marks omitted]; see City of New York v State of New York, 284 AD2d 255, 255 [1st Dept 2001]). Inasmuch as the basis [*2]upon which the court relied in granting the motion with respect to the Labor Law § 240 (1) cause of action "no longer exists[,] . . . its order [to that extent] must be reversed" (Reed v Commercial Union Ins. Co., 101 AD2d 716, 716 [4th Dept 1984]; see Jeffrey's Auto Body, Inc. v Allstate Ins. Co., 159 AD3d 1481, 1482-1483 [4th Dept 2018]; cf. Beneficial Homeowner Serv. Corp. v Mason, 95 AD3d 1428, 1429 [3d Dept 2012]), and we therefore modify the order accordingly.
Plaintiff also contends that the court erred in granting the motion with respect to the Labor Law § 241 (6) cause of action and with respect to the claims that a dangerous or defective condition existed on the premises. Generally, "[t]he preclusive effect of a judgment is determined by two related but distinct concepts—issue preclusion and claim preclusion—which collectively comprise the doctrine of res judicata' " (Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 72 [2018]). "While issue preclusion applies only to issues actually litigated, claim preclusion . . . more broadly bars the parties or their privies from relitigating issues that were or could have been raised in that action" (id. [emphasis added]).
To the extent that plaintiff contends that the decision and order in Phillips I does not preclude him from litigating issues that were
" actually litigated and resolved' " by the Court of Claims (id., quoting New Hampshire v Maine, 532 US 742, 748-749 [2001]) because he lacked a full and fair opportunity to litigate those issues, we reject that contention (see generally Buechel v Bain, 97 NY2d 295, 304 [2001], cert denied 535 US 1096 [2002]). Plaintiff knew the importance of his claims in Phillips I, had incentive and initiative to argue the merits of those claims in the context of his application for leave to file a late claim, and was represented by competent counsel on the application (see Clemens v Apple, 65 NY2d 746, 748 [1985]; Rozewski v Trautmann, 151 AD3d 1945, 1946 [4th Dept 2017]). We thus conclude that the court properly granted those parts of defendant's motion seeking summary judgment dismissing the cause of action under Labor Law § 241 (6) to the extent that it is predicated upon a violation of 12 NYCRR 23-3.3 (b) (3) and seeking to preclude plaintiff from contending that there was a dangerous or defective condition on the premises.
We agree with plaintiff, however, that the court erred in applying the doctrine of claim preclusion to bar plaintiff from litigating claims or issues that were not raised in Phillips I (see Paramount Pictures Corp., 31 NY3d at 72; Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]; cf. Matter of People v Applied Card Sys., Inc., 11 NY3d 105, 123 [2008], cert denied 555 US 1136 [2009]; Zoeller v Lake Shore Sav. Bank, 140 AD3d 1601, 1602 [4th Dept 2016]). As the Court of Appeals recently reaffirmed, a party seeking to invoke claim preclusion "must show: (1) a final judgment on the merits, (2) identity or privity of parties, and (3) identity of claims in the two actions" (Paramount Pictures Corp., 31 NY3d at 73 [emphasis added]). Here, defendant was neither a party to the earlier action nor in privity with one (see generally Green v Santa Fe Indus., 70 NY2d 244, 253 [1987]) inasmuch as the interests of defendant, the general contractor, conflict with the interests of the State, the property owner (see Tuper v Tuper, 34 AD3d 1280, 1281-1282 [4th Dept 2006]). We thus conclude that the decision and order in Phillips I does not preclude plaintiff from asserting claims or causes of action against defendant that were not raised in Phillips I. We therefore further modify the order by denying the motion with respect to the Labor Law
§ 241 (6) cause of action except insofar as it is premised on the alleged violation of 12 NYCRR 23-3.3 (b) (3).
Based on our determination, we decline to address plaintiff's remaining contention.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court