Divito v Glennon (2021 NY Slip Op 02625)





Divito v Glennon


2021 NY Slip Op 02625


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


61 CA 19-00144

[*1]STEPHEN T. DIVITO, PLAINTIFF-APPELLANT,
v
PETER J. GLENNON AND SHANNON B. MEEGAN, DEFENDANTS-RESPONDENTS. 






FRANK A. ALOI, ROCHESTER (ROBERT J. LUNN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
THE GLENNON LAW FIRM, P.C., ROCHESTER (LAURA K. FIGUERAS OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Monroe County (Renee Forgensi Minarik, A.J.), entered December 27, 2018. The order granted the motion of defendants to dismiss the complaint, dismissed the complaint and denied the cross motions of plaintiff for recusal and disqualification. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action after two judgments in two prior actions between, inter alia, plaintiff and defendant Shannon B. Meegan (defendant) were entered, awarding defendant attorneys' fees. In his complaint, plaintiff alleges that defendants fraudulently obtained those awards. Significantly, defendant did not appeal from the prior judgments or otherwise challenge those awards until he commenced this action almost a year later. Defendants moved to dismiss the complaint pursuant to, inter alia, CPLR 3211 (a) (1), and plaintiff now appeals from an order that, inter alia, granted defendants' motion on the ground that the complaint is barred by the doctrine of res judicata. We affirm.
Initially, defendant contends that Supreme Court erred in considering the attorney affirmation of defendant Peter J. Glennon submitted in support of the motion because, as a party to the action, Glennon could not submit an affirmation in lieu of an affidavit. As relevant here, CPLR 2106 (a) provides that "[t]he statement of an attorney . . . , who is not a party to an action, when subscribed and affirmed by him [or her] to be true . . . , may be served or filed in the action in lieu of and with the same force and effect as an affidavit." Although plaintiff is correct that Glennon, as both the attorney and a party, was required to submit an affidavit rather than an affirmation, we nevertheless conclude that the court did not err in disregarding that defect because it did not prejudice "a substantial right" of plaintiff (CPLR 2001). In any event, defendants remedied the defect by supplementing their motion papers and submitting a properly notarized affidavit from Glennon that was identical to the previously submitted affirmation.
We further conclude that the court properly granted defendants' motion to dismiss the complaint based on the documentary evidence. "A motion to dismiss pursuant to CPLR 3211 (a) (1) will be granted if the documentary evidence 'resolves all factual issues as a matter of law, and conclusively disposes of the [plaintiff's] claim[s]' " (Baumann Realtors, Inc. v First Columbia Century-30, LLC, 113 AD3d 1091, 1092 [4th Dept 2014]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). "[J]udicial records, . . . and any other papers, the contents of which are 'essentially undeniable,' would qualify as 'documentary evidence' in the proper case" (Fontanetta v John Doe 1, 73 AD3d 78, 84-85 [2d Dept 2010]).
"[A] party seeking to invoke [res judicata] must show: (1) a final judgment on the merits, [*2](2) identity or privity of parties, and (3) identity of claims in the two actions" (Phillips v Burgio & Campofelice, Inc., 181 AD3d 1276, 1278 [4th Dept 2020] [internal quotation marks and emphasis omitted]; see Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 73 [2018]; see generally Matter of Hunter, 4 NY3d 260, 269 [2005]; Zayatz v Collins, 48 AD3d 1287, 1289 [4th Dept 2008]). As relevant here, "absent unusual circumstances or explicit statutory authorization, the provisions of [a] judgment are final and binding on the parties, and may be modified only upon direct challenge" (Rainbow v Swisher, 72 NY2d 106, 110 [1988]; see LoMaglio v LoMaglio, 104 AD3d 1182, 1183 [4th Dept 2013]; see also Matter of Allstate Ins. Co. v Williams, 29 AD3d 688, 690 [2d Dept 2006]).
Here, the two prior judgments submitted by defendants constituted documentary evidence that conclusively demonstrated that plaintiff's underlying claims are barred by res judicata. It is undisputed that plaintiff did not appeal from, or otherwise directly challenge, either judgment. Moreover, this action involves the same relevant parties and arises out of the same transaction or series of transactions that served as the basis for those judgments (see generally LoMaglio, 104 AD3d at 1183; Covanta Niagara, L.P. v Town of Amherst, 70 AD3d 1440, 1441-1442 [4th Dept 2010]). Thus, plaintiff's claims here constitute an impermissible collateral attack and should have been resolved by either an appeal from or a motion to vacate the judgments (see generally DeMartino v Lomonaco, 155 AD3d 686, 688 [2d Dept 2017]).
In light of our determination, plaintiff's remaining contentions are academic.
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court