Matter of City of Buffalo v Carr (2025 NY Slip Op 05586)

Matter of City of Buffalo v Carr

2025 NY Slip Op 05586

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, AND KEANE, JJ.

647 CA 24-01786

[*1]IN THE MATTER OF CITY OF BUFFALO, PETITIONER-RESPONDENT,
v
DARRYL J. CARR, RESPONDENT-APPELLANT. 

BARCLAY DAMON LLP, BUFFALO (JAMES P. MILBRAND OF COUNSEL), FOR RESPONDENT-APPELLANT. 
HURWITZ & FINE, P.C., BUFFALO (JEREMIAH E. LENIHAN OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Erie County Court (Sheila A. DiTullio, J.), entered June 26, 2024. The order reversed an order of the Buffalo City Court permitting the demolition of certain structures. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent appeals from an order of County Court (DiTullio, J.) reversing an order of the Housing Part of Buffalo City Court (Housing Court) that would have permitted him to demolish buildings he owns on two parcels in the Cobblestone Historic District in Buffalo. County Court reversed on the ground that Housing Court was bound by principles of res judicata to deny respondent's request for an emergency demolition order because a different County Court Judge in a prior proceeding between the same parties had determined that Housing Court lacked authority to grant such relief. We affirm.
Initially, we note that, because the rights of the parties were "for all practical purposes finally determined" in Housing Court's order, County Court's order is appealable as of right pursuant to CPLR 5703 (b) notwithstanding the absence of an underlying judgment from Housing Court (Highlands Ins. Co. v Maddena Constr. Co., 109 AD2d 1071, 1072 [4th Dept 1985]; see People v Willis, 130 AD3d 1470, 1471 [4th Dept 2015]; Hayes v City of Amsterdam, 2 AD3d 1139, 1140 [3d Dept 2003]). We therefore address the merits of respondent's appeal.
"Res judicata, i.e., claim preclusion, 'bars the parties or their privies from relitigating issues that were or could have been raised in [a prior] action' " (Cook v Estate of Achzet, 214 AD3d 1369, 1372 [4th Dept 2023], quoting Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 72 [2018] [emphasis omitted]). "[U]nder New York's transactional analysis approach to res judicata, 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy' " (Matter of Hunter, 4 NY3d 260, 269 [2005]).
"[A]bsent unusual circumstances or explicit statutory authorization, the provisions of [a] judgment are final and binding on the parties, and may be modified only upon direct challenge" (Rainbow v Swisher, 72 NY2d 106, 110 [1988]; see LoMaglio v LoMaglio, 104 AD3d 1182, 1183 [4th Dept 2013]). "This principle, so necessary to conserve judicial resources by discouraging redundant litigation, is grounded on the premise that once a person has been afforded a full and fair opportunity to litigate a particular issue, that person may not be permitted to do so again" (Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485 [1979]).
"To establish claim preclusion, a party must show: (1) a final judgment on the merits, (2) identity or privity of parties, and (3) identity of claims in the two actions" (Paramount Pictures Corp., 31 NY3d at 73). Here, all the requirements of claim preclusion are met.
In this proceeding, respondent requested an emergency order of demolition with respect to the subject properties in Housing Court in response to a notice to remedy issued against him by the City. The notice concerned collapsing bricks in buildings at the properties, which had been vacant for more than a decade and allegedly posed a danger to the public. Respondent argued that the buildings were in imminent danger of collapse and should be demolished rather than repaired. Housing Court granted an emergency demolition order over petitioner's objection.
In a prior proceeding involving the same parties and same properties, however, County Court (D'Amico, J.) determined on appeal that Housing Court lacked authority to issue an emergency order of demolition at respondent's request. Judge D'Amico ruled that "the procedure for a private party requesting demolition of private property in the City of Buffalo is specifically contained in the Buffalo City Charter and Code Chapter 337, requiring the use of the administrative procedure set forth therein," and that a property owner cannot be granted such relief in Housing Court. Respondent "did not appeal from, or otherwise directly challenge" that order (Divito v Glennon, 193 AD3d 1326, 1328 [4th Dept 2021]).
There is no dispute that Judge D'Amico's order was a final judgment on the merits regarding whether Housing Court could preside over respondent's earlier request. With respect to the remaining requirements of claim preclusion, we conclude that this proceeding and the prior proceeding share an identity of both parties and claims, and therefore the ruling in the prior proceeding is entitled to preclusive effect even if it was "erroneously decided, whether due to oversight by the parties or error by the courts" (Matter of Reilly v Reid, 45 NY2d 24, 28 [1978]; see LoMaglio, 104 AD3d at 1183). Under the circumstances, respondent's request for an emergency order in this proceeding constitutes "an impermissible collateral attack and should have been resolved by either an appeal from or a motion to vacate the [prior order]" (Divito, 193 AD3d at 1328).
Although it may be true, as respondent asserts, that the properties have deteriorated significantly over the years since the order was entered in the prior proceeding, the condition of the properties is irrelevant to the issue of Housing Court's authority to issue an emergency demolition order. Because Judge D'Amico had already determined that Housing Court lacked authority to grant a demolition order to respondent in this procedural context, Judge DiTullio properly determined that Housing Court was bound to follow that determination whether it agreed with it or not.
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court